Birchard, J.
The answers state that the plaintiff in error was not tenant in common with the defendants, in all the lands of which partition was demanded; but that some of the defendants were interested in particular lots only. If such were the facts, the suit was rightly dismissed. The point decided by this court in Prentiss’ case, 7 Ohio, 129, pt. 2, settles this cause, and we need look to no further authority.
From the record, it appears that the answers of the defendants ■stood uncontradicted. The court had but one thing to do, and that was to dismiss the bill, if the proof sustained the answer. The plaintiff claimed the right to prosecute his particular suit on the ground that he owned an undivided interest in the entire premises, and in common with certain others who owned also the residue of the undivided entire interest. To support his case, proof of the alleged joint ownership by the parties named was indispensable. The deed offered by him, at best, only proved his *507 own title to the undivided interest of Reuben Dresser. It had very little tendency to establish the ownership of the remaining undivided interest. It in no sense connected either ayne, Kelley, or the Willards with the title. The records of the several proceedings in partition, which were offered, had no tendency to enlighten the court upon the subject. They showed only that certain persons, who were once entitled, as would appear by the book of drafts of the Connecticut Land Company, had ceased to have any interest in these lands, prior to the commencement of the suit. The remaining evidence introduced by the plaintiff, was this record *of a certain proceeding in ejectment, to which the defendants were not parties, by which <they were not bound, and against whom it proved nothing. For the plaintiff, it might be considered proof of his own' interest, and, as to the parties to that record, should be regarded conclusive of that fact; but it did not tend to establish the fact that this remaining interest in all of these lands, was held in common with the plaintiff by the defendants.
We do not learn from the transcript that anything was offered tending to prove that Henry B. Payne or Irad Kelley owned any interest whatever in lots 94, 95, or 97 ; and we see not how the court, in the absence of such proof, with the, sworn answer of the other defendants, denying that they had any such joint interest, could have done otherwise than dismiss the j>etition. Having come to this conclusion, it would follow that all of the other blatters assigned for error must fail to work a reversal of the judgment of the court below. It is manifest, then, that plaintiff has not been injured by other decisions that were made pending the trial. Even if they were erroneous, they- arc to be regarded in the light of bad reasons given to sustain correct decision, and for the giving of which a revisory court will never reverse the judgment. The object of a proceeding in error is to reach the judgment, and to avoid it when it does not possess the elements upon which alone all judgments should stand. I know of no case where a court has ever set asido a judgment upon the examination of a record, conclusively showing that it was correctly rendered and sustained by the proof, merely because the inferior tribunal had erred on some abstract point, in no way affecting the general merits of the suit. As we view the matter, independently of any *508, 509 thing offered by the defense, the case was with the defendants upon the pleadings, and the plaintiff’s proofs.
It is objected that the defendants, Willards, are mere volunteers, > and should not be regarded as parties. That the petition did not make them so; that it put in issue no title or interest which they claim ; did not name them, and that the unknown ^owners, notified by the advertisement to come in and defend, were those unknown persons only, who were tenants in common with Orrin Harman of the whole premises. This position may be met in more ways than one. If it were'sound, the better way would have been to take the objection by a motion to strike the answers from the file before going to a hearing, or by demurrer. But if sound, it is difficult to see what is the object of the legislature in requiring unknown owners to be informed by publication of the pendency of the suit. It is very certain that any party demanding the partition of real estate, may, if desirous of having an ex parte proceeding, set forth that any two or more own a tract of land in common with him ; and if they do not so own, and each has title in severalty, that he may also say that the persons who do so own as tenants in common, are unknown to him. If, then, he may overlook and by such a false pretense avoid the actual notice to the real owner, and advertise for the pretended unknown owners, and-when the real owners come in to resist him, turn them out of court, because he has misdescribed them in his petition — I inquire, What is the object of a notice? What good purpose does it serve? The framers of the law intended to afford every person interested as owner in a tract of land of which partition is demanded, an opportunity of being heard, and of showing the demand unjust; for that the notice was required, and for that and other things, the demandant should have set forth the ownership and the state of the title, according to the truth. It would be a reproach to the law itself, if it would permit one to defeat the policy of the statute, and secure an advantage, by reason of his ignorance of the facts of his case, or his own cunning in suppressing or misstating them. We do not find that the court made the decision stated in the fourth assignment.
The third is, that the court erred in permitting evidence of an, adverse possessory title to a part of the premises.
It is not easy to assign a reason for sustaining this objection. It is very clear that proof of an absolute title in fee of *the *510 entire interest in a part of the land of which partition was demanded, was a perfect bar to that part of the demand. A deed from Orrin Harman to the Willards, subsequent to the date of his deed from (he surviving trustee of the Connecticut Land Company, would have defeated him, and on the ground that it disproved the title incumbent upon him to sustain, in order to make out his case. So any other good and valid title in the defendants, inconsistent with the one which he was bound to maintain and prove, must have had the same effect. It would equally defeat his claim, because it would disprove it. By showing that they owned all the land, the defendants established the fact that plaintiff did not own the 8-23 parts. This they had a right to show, by the production of the kind of proof appropriated to make their right manifest. Whether they succeeded or not, is another matter, depending upon the facts proved, and the influence which they had upon the mind of the court. If they found them sufficient, we can not correct that finding in this proceeding. We do not, on a proceeding in error, undertake to correct the judgment of the common pleas in weighing evidence. We can only reach such mistakes as amount to errors in law. This seems to dispose of what is said concerning the statute of limitations; for we know not, from the record, that any such consideration influenced the court in arriving at their conclusion.
The remaining question is, whether or not the court erred in presuming a conveyance from the trustees to Reuben Dresser, prior to the quitclaim deed to Harman.
This point has been fully and ably argued. The correct doctrine upon the subject of presumption of the existence of deeds, was stated in the case of Kinsman’s Lessee v. Wood, 11 Ohio, 475. It is this: When a cestui que trust has for a long time been in possession of lands which the trustee ought to have conveyed to him, the conveyance may bo presumed, but the presumption is not raised in his favor who attacks, or holds in opposition to the equitable right.
.Now, if the proof satisfied the common pleas that the Willards, *and those under whom they claimed, were originally in possession, under a claim from Dresser, there was no error; otherwise they were perhaps mistaken. Their possession dated back to 1813, and had been undisturbed. Even to this day, so far as we know, neither Reuben Dresser, the person entitled in equity, *511 as far back as 1802, nor his heirs, have ever set up any claim to the property. The proof offered by Harman, as stated in the bill of exceptions, connects him only with the naked legal title, and does not place the Willards in hostility to the equity of the cestuis que trust. The possession of Willards goes back thirty-three years; was adverse to all the world, originating in a possession of Bartlett, who, as the bill of exceptions states, entered claiming title. What title he claimed, or under whom he claimed, 'is not stated in the bill ; perhaps it was not stated to the court. They may have concluded, from the fact that Dresser never set up any claim to the land, from the length of the defendant’s possession, and from the fact that these lots had been assigned to Dresser on the former proceedings for partition, and also the fact that he had been adjudged in those proceedings, made evidence by the plaintiff, the owner in common of an undivided interest in the land which remained, that the claim of title set up by Bartlett was under Dresser; and, in so doing, may or may not^have been mistaken in a matter of fact. Assuming that they found the fact that the Willards held under Dresser, there was no error in presuming the execution of the deed forty-three years after the time it ought to have been executed. On the contrary, assuming the fact found the other way, the correctness of their opinion might be doubted. I employ this language designedly, for the bill of exceptions does not definitely inform us as to the precise grounds as upon which the presumption of a prior deed was intended to be placed. The words of the exception are, “ but the court held that, under all the circumstances of the case, a conveyance from the trustees of the Connecticut Land Company to the said Reuben Dresser might be presumed.” Now, it should be recollected that, of the evidence offered by the plaintiff wore certain proceedings in partition, *to which Dresser was a party. Those proceedings may and probably did aver such a conveyance to him, and showed that he was adjudged the legal owner of the undivided interest, and charged with his share of the costs, in consequence of that ownership. He could not have been so proceeded against, if the title was in the trustees of the Connecticut Land Company, and not in him; yet the plaintiff regarded that proceeding as valid and conclusive upon Dresser’s legal rights, and was compelled to do so; otherwise he would have iailed to show that he.had any such title and interest as *512 that set forth in his petition. This may, with the others, have been one of the material circumstances from which the court presumed the execution of the deed; and if so, I am not prepared to say they erred on this point. Judgment affirmed.