"West, J.
It is material to notice but a few of the points raised on this record by the plaintiff in error.
I. The objection that a partial testamentary disposition of his estate by an ancestor excludes the operation of the statute regulating advancements can not be maintained. The omission to dispose of his entire estate by will, leaves the residuum subject to the statute of distribution as intestate property. Bane et al. v. Wick et al., 14 Ohio St. 507. In the distribution of such residuum, the law of advancements is alike operative, and the right to hear evidence in giving it application is the same as if no part of the estate had been disposed of by will.
II. The securities taken for purchase money, on the sale of real estate, are personalty. The surrender to Linus B. Dittoe of the note and mortgage mentioned in the record, was therefore a gift of personalty. Such gift, if originally intended by the ancestor to be charged as an advancement against his daughter, and not subsequently converted by him into a gift absolute relieved of the quality of an advancement, will be so charged against her in the settlement and distribution of his intestate property, if it appear that she, knowing the fact and intention of the gift, acquiesced therein. In Needles v. Needles, 7 Ohio St. 432, gifts to sons-in-law, supposed to have been originally in *442 tended by the ancestor as advancements to his daughters, were held otherwise, oil its plainly appearing that in making a subsequent partial disposition of his estate by will, he had treated them as, and therefore converted them into, unqualified gifts.
III. The acquiescence of the daughter in such case may be shown by evidence of express assent, or it may be inferred from facts and circumstances inconsistent with a waut of such knowledge and assent. "While the evidence embodied in this record is somewhat conflicting, we can not say that it does not warrant the finding and judgment below. We therefore discover no ground for disturbing them, and must order their affirmance.