Johnson, J.
It is urged with much impressiveness by counsel for plaintiff in error that the instrument in question makes no attempt to dispose of the property of testatrix, and does not contain a devise to anyone; that it is not a “will;” and that the testatrix died intestate as to all of her property.
It is contended that even if it be conceded that she intended to make a disposition of her property, the language used does not accomplish her purpose, however laudable.
It may be safely remarked that in the report of cases involving the construction of wills it is no longer necessary or profitable to discuss the various general rules which control the inquiry. *358 They are well established, simple, and familiar. Rules for construing- wills are less rigid than those for construing- other instruments. Where a will bears the earmarks, as in this case, of having been drawn by a layman, and not by a lawyer, the court in the endeavor to arrive at the intent of the testator will not view the language technically, but liberally, and with reference to its popular meaning. It is very rare that any two wills present precisely the same question, and, therefore, in construing doubtful clauses the court will ascertain the intention of the testator, as the language of such clauses may reasonably be interpreted in the particular case. It has been well said that cases on wills may well guide as to general rules of construction, but unless a case be directly in point in its essential circumstances and data, it should have little weight with the court.
As to the will in controversy here, it will be noted that there is no contention that the instrument was not executed in full compliance with the statute as to tlie execution of wills, nor that the testatrix has attempted to do anything, or make any disposition of her property which controverts any provision of law.
The briefs of counsel disclose various statements as to the requisites of a will. In Colton v. Colton, 127 U. S., 309, the supreme court of the United States adopted Blackstone’s definition, which declares a will to be “the legal declaration of a man’s intention which he wills to be performed after his death.” There is in that definí *359 tion no specific mention of a devolution of property.
However, it may be conceded that if the paper in question here does not dispose of property it is not a “will,” and whether it does or not is really the sole question made in the case.
Before the defendants in error can be entitled to an interest in the estate of the testatrix,, it must appear from the whole writing that she intended to, and did, by it, give to them an interest which is definite and ascertainable from the will itself. Taking it as a whole, it is impossible to read it without, in the first place, observing a clear intention on the part of Mrs. Moon to dispose of her estate after her death to the persons referred to; in short, to make her will. She so declares in the opening, and she declared to the witnesses when she signed it that it was her last will and testament. While the designation of an instrument does not of itself determine its legal character, it is entitled to weight in ascertaining the meaning in which parties to it, use particular words contained in it.
In the first item she directs her executors to pay off and discharge all debts and liabilities that may exist against her estate at her death, and in the third item she appoints an executor “to settle up all property, both personal and real.” In the second item, which has given rise to the contention between the parties in this case, she provides, “I hereby make my two granddaughters, Lulu Stewart and Ella Breakfield, each equal heirs with my own children.” It is contended by plain *360 tiff in error that in that clause there is no provision that anyone shall take any interest in the estate of the testatrix and that it is not dispositive, and, further, that it cannot be regarded as a provision making the two granddaughters heirs, for the reason that the only method provided by which one can make another his heir is that prescribed in Section 8598, General Code, whereby proceedings in the probate court may be had looking to that end.
While we might be disposed to agree with counsel that a person cannot be made an heir at law except in the manner prescribed in that section, we do not regard that as the question made here. The testatrix manifestly did not use the word “heirs” in any technical sense, and in the interpretation of that word such a meaning should be given it as the testatrix evidently intended it should have, as disclosed by the whole instrument. The rule is familiar, but is succinctly stated in Jones v. Lloyd, 33 Ohio St., 572, where it is held that “the term ‘heirs/ when used in a will, is flexible, and should be so construed as to give effect to the manifest intention of the testator, as ascertained by a due consideration of all the provisions of the will.”
It is apparent from the reading of this clause in connection with the balance of the paper that the testatrix used the word “heirs” with the object and intention to include the person referred to among her devisees, and she evidently used the word “heirs” in the sense of “devisees.” The lady was not attempting to designate her two grand *361 daughters, as persons who would take under the statutes of descent, and, therefore, as “heirs at law,” but she was designating them as persons who would take under the paper she was then executing, and which she was then declaring to be her will.
Attention should be given to the language in the third item which provides for the appointment of an “executor of my estate after my death to settle up all property, both personal and real.” Not only to settle up debts but all property. It is inconceivable that she used the words “to settle up” in any other sense than “to divide up” all property, both personal and real, between the persons indicated in item two, after payment of debts. Giving to the words, in these two different items, the meanings above indicated, which course we think is clearly enjoined by salutary rules for the construction of such instruments, and by principles of justice, it is apparent that the writing is dispositive.
In Metcalf v. Framingham Parish et al., 128 Mass., 370-374, Gray, Chief Justice, remarks: “Where the reading of the whole will produces the conviction that the testator must necessarily have intended an interest to have been given which is not bequeathed by express and formal words, the court must supply the defect by implication, and so mold the language of the testator as to carry into effect, as far as possible, the intention which it is of the opinion that he has in the whole will sufficiently declared.”
In Bayley v. Bailey, 5 Cush., 258, there was an instrument in question which was in the following *362 terms: “It is my wish that the will that I made be destroyed, and my estate settled according to law.”
In reference to the contention that the paper was not testamentary, and, therefore, not a will, Chief Justice Shaw said: “If the first clause in the writing stood alone, ‘it is my wish, that the will I made shall be destroyed/ there would be some force in this argument; but the other clause we think is more decisive, ‘that my estate be settled according to law.’ ” “It was a present declaration — ‘it is my wish now;’ and it was made by one, whose declaration of purpose, in the form required by law, was conclusive. It looked to the event of his death, to take its effect, and'to have its operation.”
So, here, the appointment of the executor “to settle up all property, both personal and real,” was a definitive declaration that Mrs. Moon, looking to the event of her death, desired her executor to divide up the estate between the persons indicated in the second item.
In Brenchley v. Lynn, 2 Rob. Ecc., 441, 468, it is said: “If a man by will declares he dies intestate, and that his property shall go as in case of intestacy, such paper does not constitute an intestacy but a bequest of the property personae designatae — designated by the statute, as it might be by any other description. The property in the present instance goes not in virtue of the statute, but in virtue of the will.”
Nor do we think that the cases of Crane v. Doty’s Exrs., 1 Ohio St., 282, and Bane v. Wick, *363 14 Ohio St., 508, which are much relied upon by counsel, are in, conflict with the view we have taken. In the will in Crane v. Doty, there was no residuary clause, and after the payment of the debts and specific bequests there remained real and personal property not expressly disposed of by the will. There was a bequest to one of the testator’s daughters in which it was stated: “It is my will she shall have $200.00 more and her note, for that she has already had, and no more of my estate.” The court held that a testator cannot by words of exclusion used in his will disinherit one of his lawful heirs in respect to property not disposed of by his will, and that such words cannot be used to control the course of descent so as to carry the property to other heirs.
The same principle was applied in Bane v. Wick, in which it is declared that as to the devised property he is a testator and as to that not so disposed of, an intestate. This principle has been applied in many other cases.
It will be observed that the question disposed of in those cases related to property which it was admitted had not been disposed of by terms of the will.
The question here is whether the instrument in question disposed of any property at all, it being necessarily conceded that if the instrument is dis-positive, the entire estate of the testatrix passed.
We think the decree of the circuit court which provided, specifically, for the disposition of the estate of Mrs. Moon to the persons named in the *364 decree was correct and in keeping with the will of the testatrix, and it will be affirmed.

Judgment affirmed.

Shauck, C. J., Donahue, Wanamaker, Newman and Wilkin, JJ., concur.