## SHAEFFER-BLACK CO v HORR

Ohio Appeals, 5th Dist., Stark Co

No. 1022. Decided October 17, 1929

Messrs. Black, McCuskey, Ruff & Souers, Canton, for Shaeffer-Black Co.

Messrs. Burt, Kinnison, Carson & Shadrach, Canton, for Horr.

**HOUCK, J.**

We have examined the general charge of the trial Judge and find no error therein prejudicial to the rights of the defendant. The charge of the trial Judge was responsive to the facts, as established on the trial. The trial Judge at the request of the plaintiff charged the Jury before argument as follows:

"I charge you as a matter of law that if the defendant company, through its servants, agents and employees, allowed its truck to stand upon the paved portion of the roadway for a period of seven hours, that this does not constitute an emergency as contemplated by statute."

This request to charge is based upon the provisions of **6310-27 GC.**

It is clear to the Court that under the conceded facts, that the charge complained of by the defendant is sound in law and clearly applies not only to the proven but the conceded fact in the case with reference to where the truck of the defendant was standing at the time of the collision and as to the time it had stood there prior to the collision. It therefore follows that we find no prejudicial error in the charge of the Court before argument.

It is urged by the defendant that the plaintiff was guilty of contributory negligence, which in law would prevent a recovery by him. An examination of the evidence, as contained in the bill of exceptions, leads us to the unanimous conclusion that the claim of the defendant is not sound in this respect.

The law is well settled that a judgment will not be reversed unless the claimed error was material and prejudicial. If the claimed error could have made no difference in the final result, it is not sufficient ground for a new trial. Where the whole record shows that the proper judgment was rendered, it will not be reversed, although the Court mistook the law on some proposition. See **Reed vs. McGrew, 5 OS., 375; Jordan vs. James, 5 OS., 88;** and **Harman vs. Kelley, 14 OS., 502.**

We are not citing these authorities for the purpose of indicating that any doubt arises in the mind of the Court as to the soundness of the verdict, which we find is supported by the facts and the law. We simply cite these authorities in order that counsel may understand that even though a judgment may be technically wrong, yet, if substantial justice has been meted out, that a reviewing Court is not authorized to reverse the judgment.

Further comment is unnecessary. Finding no error in the record, the judgment must be affirmed.

Lemert, J. and Sherick, J., concur.