DECISION AND JUDGMENT
{¶ 1} Appellant brings this accelerated appeal from a judgment of the Perrysburg Municipal Court, awarding appellant $525 in a contract dispute. Because we conclude that the trial court's judgment was supported by the evidence, we affirm.
 {¶ 2} Appellant, David Krohn, is a building contractor who was hired to remodel the basement of appellee, Sue Cameron Parkins. Appellant was to install a bathroom *Page 2 
with a steam room and construct a wet-bar. Appellant and appellee agreed to a base price of $31,600, but it is undisputed that with changes and negotiations the price increased. Upon completion of the remodeling, appellant billed appellee $54,250. Appellee paid $40,125. After completion, appellee began having problems in the basement and hired outside contractors to make repairs.
 {¶ 3} On September 7, 2007, appellant sued appellee for the difference between what had been paid and the amount he claimed was due.
 {¶ 4} At trial, appellee introduced a typed copy of the base contract dated June 20, 2000, with an estimated cost of $31,600. Also included was an undated, typed copy of a modified contract with different details than the original, and an estimated total cost of $34,500.
 {¶ 5} Appellee testified that much of the remodeling work had serious problems. The glass-block grid system in the bathroom leaked and there was no ventilation in the steam room. The repairs, according to appellee, cost $4,150. Copies of the receipts for the repair work were admitted.
 {¶ 6} Appellant introduced the same modified contract as appellee with a final cost of $34,500, but appellant's copy had details in handwriting at the bottom which adjusted the final cost to $54,250. Attached to appellant's modified contract on a separate page was a handwritten itemization of the additional costs explaining how appellant came to $54,250. Neither page was dated nor signed by either party. *Page 3 
 {¶ 7} Appellant testified that it was his first time installing a glass-block grid system in a steam room and that it leaked, but he also testified that appellee did not complain about the problems until several years after the work was completed.
 {¶ 8} The trial court found that a base contract for $31,600 existed, but because the parties agreed to make additions and changes, the contract price was adjusted accordingly. The base amount did not include an additional $13,200 for the installation of the steam room, carpeting, glass block and a kitchenette. After those additions were added to the contract, the trial court determined that the final cost was $44,800.
 {¶ 9} The court further found that some of the remodeling work by appellant was not done properly and repairs were warranted. Appellee made those repairs with outside contractors costing $4,150.
 {¶ 10} In calculating how much was owed to appellant, the trial court subtracted the $40,125 already paid to appellant and the $4,150 that it cost to fix the problems from the final cost of $44,800. The court awarded the balance, $525, to appellant.
 {¶ 11} From this judgment, appellant brings this appeal, setting forth the following eight assignments of error:
 {¶ 12} "1. In the order dated October 4, 2007: the judge ordered that the counsel for the [appellee] and the [appellee] are both required to attend the pretrial. The [appellee] failed to appear before the judge. This shows prejudice against the [appellant]. *Page 4 
 {¶ 13} "2. The judge ordered on October 4, 2007 that all discovery shall be completed by both parties on or before 11-13-2007. The [appellee] failed to comply with the judges [sic] order. This shows prejudice against the [appellant].
 {¶ 14} "3. The majistrate [sic] ordered on November 1, 2007 for the [appellee] to submit discovery and be completed by January 25, 2008 [sic]. The [appellee] failed to comply. This [sic] shows prejudice against the [appellant].
 {¶ 15} "4. The judge failed to follow the orders filed March 4, 2008, 8:10, for the precipe for subpoena. This shows prejudice against the [appellant].
 {¶ 16} "5. The [appellee] did not produce the original of a contract that the judge used as a basis for his decisions. This [sic] shows prejudice against the [appellant].
 {¶ 17} "6. The judge makes [sic] statements in his decision to what the [appellee] said, which are in opposition to what was stated in the court proceedings.
 {¶ 18} "7. The judge makes statements in his decision to what the [appellant] said, which are in opposition to what was stated in the court proceedings. The judge states "the steam unit Did [sic] not work properly" Yet [sic] the evidence at trial as exhibit (G) states differently. Which States [sic] it has not worked only since 2004. The judge states "she maintained and cleaned The [sic] steam room properly" Yet [sic] the transcript states "that the [appellee] cleaned it as a Shower [sic]" which is not the proper way to maintain or clean a steam room. The judge also States" [sic] The [sic] [appellee] also testified that she paid [appellant] $40,125.00" Yet [sic] the transcript States [sic] only $40,000.00 was ever paid. This shows prejudice against the [appellant]. *Page 5 
 {¶ 19} "7. [sic] The judge makes statements in his decision to what the [appellant] said, which are in Opposition [sic] to the facts that were stated in the court proceedings as is verified by the transcript. The judge states "[appellant] admitted to installing sheetrock on the ceiling of the steam room" Yet [sic] the transcript shows that the [appellant] stated he used dura rock or handy backer on the ceiling of the steam room, not sheetrock. The judge also states "the agreed base amount did include the ceramic tile" Yet [sic] the evidence shows that Either [sic] exhibit (3) or (A) states "The bathroom is to include a tiled ceramic floor" not the basement floor. The judge further states "building a steam room without proper ventilation and waterproofing does not make sense" Yet [sic] the evidence at trial as exhibit(9) [sic] the manufactures [sic] installation instructions show that no venting system is needed nor required. This shows prejudice against the [appellant]."
 {¶ 20} As a preliminary note, appellant in his original appellate brief made no allegation of prejudice caused by any of the seven assignments of error. Rather, he merely alleged purported errors that occurred during trial. Appellant later filed a revised brief and added "[t]his shows prejudice against the [appellant]" to the end of all but one of the assignments of error. The revised brief still fails to articulate how each assignment of error caused prejudice. Furthermore, appellant added another "seventh" assignment of error in the revised brief in which he essentially alleges the same as he did in the prior two assignments of error. *Page 6 
 {¶ 21} App. R. 12(B) mandates judgment for an appellee "[w]hen the court of appeals determines that the trial court committed no errorprejudicial to the appellant." (Emphasis added.) "Thus, where the court of appeals determines that the trial court committed no error prejudicial to the appellant in any of the particulars assigned and argued in the brief thereof, App. R. 12(B) requires the appellate court to refrain from consideration of errors, * * * [and] [t]he judgment or final order of the trial court should, under such circumstances, be affirmed as a matter of law by the court of appeals." Pang v. Minch
(1990), 53 Ohio St.3d 186, 200. See, also, Shaeffer-Black Co. v.Horr, (App. 1929) 7 Ohio Law Abs. 707.
 {¶ 22} Moreover, "[t]he court may disregard an assignment of error presented for review if the party raising it fails to identify in the record on which the assignment of error is based. * * *" App. R. 12(A)(2).
 {¶ 23} In his first four assignments of error, appellant raises procedural issues unsupported by law or argument. Additionally, in his fourth assignment of error, appellant states "[t]he judge failed to follow orders filed March 4, 2008, 8:10, for the precipe [sic] for subpoena. This shows prejudice against the [appellant]." This proposition is particularly unclear and ambiguous, making appellate review impracticable.
 {¶ 24} Although appellant attached the bare allegation that "[t]his shows prejudice against the [appellant]" in the revised brief, nowhere are details given as to how each *Page 7 
alleged procedural error caused prejudice. As a result, appellant's first four assignments of error are not well-taken.
 {¶ 25} Appellant states in his fifth assignment of error that "[t]he [appellee] did not produce the original of a contract that the judge used as a basis for his decisions."
 {¶ 26} Evid. R. 1002 provides that "[t]o prove the content of a writing, * * * the original writing * * * is required, except as otherwise provided in these rules * * *." Aside from appellant's failure to allege what prejudice was suffered from the submission of a duplicate of the contract, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Evid. R. 1003. Appellant never raised a question as to the authenticity of the duplicate contract, nor were there any considerations that made admission unfair. Accordingly, appellant's fifth assignment of error is found not well-taken.
 {¶ 27} Appellant asserts in his sixth and both seventh assignments of error that the judge made statements in his decision "which [were] in opposition to what was stated in the court proceedings." We construe these as a contention that the trial court's decision was against the manifest weight of the evidence.
 {¶ 28} "The latitude afforded an appeals court when reviewing a trial court's findings of fact is exceptionally circumscribed. The trial court's findings are presumed correct. Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. This deference `* * * rests with the knowledge that the trial judge is best able to view the *Page 8 
witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' Id. Indeed, the appellate court may not reverse a judgment as against the manifest weight of the evidence if for each of the elements of the case there is presented `* * * some competent, credible evidence.' C.E. Morris v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus." Swan Creek Township v. Wylie Sons, 168 Ohio App.3d 206;2006-Ohio-584, ¶ 33.
 {¶ 29} After a thorough review of the evidence, we conclude that the decision of the trial court was supported by competent, credible evidence going to all the essential elements of the case. Accordingly, appellant's sixth, and both seventh assignments of error are found not well-taken.
 {¶ 30} On consideration, the judgment of the Perrysburg Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expenses incurred in preparing the record, fees allowed by law; and the filing fee for the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, J., Arlene Singer, J., William J. Skow, P.J., CONCUR. *Page 1