[Cite as *Fannie Mae v. Bilyk*, 2015-Ohio-5544.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Fannie Mae ("Federal National Mortgage Association"), | : | |
| | : | |
| Plaintiff-Appellee, | | No. 15AP-11 |
| | : | (C.P.C. No. 13CV-4393) |
| v. | | |
| | : | (REGULAR CALENDAR) |
| Joseph M. Bilyk, | | |
| | : | |
| Defendant-Appellant, | | |
| | : | |
| Melanie Rose Milton et al., | | |
| | : | |
| Defendants-Appellees. | | |
| | : | |

---

D E C I S I O N

Rendered on December 31, 2015

---

*Manley Deas Kochalski LLC*, and *Matthew J. Richardson*, for appellee Fannie Mae.

*Mills, Mills, Fiely & Lucas, LLC*, and *Brian D. Flick*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas.

BROWN, P.J.

{¶ 1}  Joseph M. Bilyk, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas in which the court granted the motion for summary judgment filed by Fannie Mae (Federal National Mortgage Association) ("Fannie Mae"), plaintiff-appellee.

{¶ 2}  Only a brief recitation of the underlying facts of this case is necessary for purposes of this appeal. On May 20, 2005, appellant executed a note and mortgage. The

note and mortgage were later modified. Appellant stopped paying on the mortgage and, on April 19, 2013, Fannie Mae filed the present foreclosure action praying for judgment in the amount of $94,271.79, plus interest, costs, and expenses.

{¶ 3}   On June 25, 2014, Fannie Mae filed a motion for summary judgment to which it attached the affidavit of Nathan Albein, an employee of Seterus, Inc. ("Seterus") the loan subservicer for Fannie Mae. On July 24, 2014, appellant filed a response to Fannie Mae's motion for summary judgment. In that reply, appellant indicated that he would be filing a motion to strike Albein's affidavit that Fannie Mae attached to its motion for summary judgment, and then appellant briefly summarized the reasons for moving to strike the affidavit. However, appellant never filed the motion to strike.

{¶ 4}   On December 11, 2014, the trial court granted Fannie Mae's motion for summary judgment but never addressed appellant's argument that Albein's affidavit should be stricken. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> The Trial Court erred to the prejudice of Defendant-Appellant Joseph M. Bilyk ("Appellant") when it granted Plaintiff-Appellee Fannie Mae's ("Appellee") Motion for Summary Judgment ("MSJ") in part on the basis of the legally deficient Affidavit of Nathan Albein.

{¶ 5}   Appellant argues that the trial court erred when it granted Fannie Mae's motion for summary judgment. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 6}  When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 7}  On appeal, appellant presents several reasons why the trial court should have stricken Albein's affidavit and some of its referenced attachments: (1) Albein lacked the necessary personal knowledge, (2) the facts Albein swore to in the affidavit were non-admissible hearsay, and (3) the documents that Albein referenced in his affidavit and were attached thereto were not sworn, certified or authenticated by someone competent to do so. These arguments are interrelated and share some overlapping analysis.

{¶ 8}  Appellant first argues that Albein lacked the necessary personal knowledge about the matters to which he averred in his affidavit. Appellant points out that Albein works for the subservicer of the mortgage and not Fannie Mae, the company that actually prepared the documents relied upon. Appellant contends that Albein has nothing beyond "access" to the documents that were prepared years prior to his affidavit by people who worked for Fannie Mae. Thus, appellant maintains, Albein was not present at the making and/or recording of the documents, and whatever knowledge Albein purports to have is not based upon his firsthand observation or experience.

{¶ 9}  Pursuant to Civ.R. 56(E), supporting and opposing affidavits shall: (1) be made on personal knowledge, (2) set forth such facts as would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. *Olverson v. Butler*, 45 Ohio App.2d 9 (10th Dist.1975); Civ.R. 56(E).

"Personal knowledge" is "knowledge gained through firsthand observation or experience, as distinguished from a belief based on what someone else has said." *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 26, quoting *Black's Law Dictionary* (7th Ed.Rev.1999).

{¶ 10} Albein averred to the following: (1) he is a foreclosure specialist with Seterus, Inc., the subservicer for Fannie Mae, (2) he is qualified to make the representations in the affidavit and is competent to testify to the matters stated in the affidavit, (3) appellant signed the note attached to the affidavit, (4) he has access to business records relating to mortgage loans that are created in the course of business, including appellant's mortgage loan, (5) the statements he makes in the affidavit are based upon his review of appellant's loan and his personal knowledge of how the records are kept and maintained, (6) the records for appellant's loan were made at or near the time of the event and by or from information transmitted from a person with knowledge, (7) Fannie Mae possesses a note executed by appellant, (8) to secure the note, appellant executed a mortgage, (9) the documents attached to the affidavit (the note, the mortgage, the assignments of mortgage, the loan modification agreement, the payment history ledger, the demand letter, the phone and note log, and the correspondence from Seterus to appellant) are true copies of the electronically stored duplicates of the originals, (10) the note was modified in 2011, (11) appellant failed to make payments, and Seterus accelerated the loan, and (12) there is due $93,930.30, plus interest, costs, and fees.

{¶ 11} We find Albein's affidavit satisfied the requirements of Civ.R. 56(E). As this court, as well as many others, has held, "[i]n foreclosure actions, the affidavit of a loan servicing agent employee with personal knowledge provides sufficient evidentiary support for summary judgment in favor of the mortgagee." *Fifth Third Mtge. Co. v. Salahuddin*, 10th Dist. No. 13AP-945, 2014-Ohio-3304, ¶ 15 (affidavit of bank's loan servicer was sufficient for purposes of summary judgment when he averred that bank had been in possession of the original note since its origination and that the defendant was in default under the terms of the note and mortgage due to a failure to make the required payments), citing *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19 (noting that several appellate courts have found that, in a foreclosure action, the affidavit of a loan servicing agent employee with personal knowledge, provides sufficient

evidentiary support for summary judgment in favor of the mortgagee); *Bank of New York Mellon v. Putman*, 12th Dist. No. CA2012-12-267, 2014-Ohio-1796, ¶ 12 (finding that a review of the case law reveals that affidavits from servicing agents are routinely used to support a motion for summary judgment in a foreclosure action); *Chase Home, L.L.C. v. Dougherty*, 10th Dist. No. 12AP-546, 2013-Ohio-1464; *Deutsche Bank Natl. Trust Co. v. Germano*, 11th Dist. No. 2012-P-0024, 2012-Ohio-5833; *JP Morgan Chase Bank, NA v. Ackerman*, 5th Dist. No. 13CA17, 2013-Ohio-5010 (summary judgment affirmed where affidavit from the vice president of loan documentation for the bank's servicing agent contained all the averments necessary to support the bank's motion, including the averment that borrowers were in default under the terms of the note and mortgage). *See also Deutsche Bank Natl. Trust Co. v. Cassens*, 10th Dist. No. 09AP-865, 2010-Ohio-2851, ¶ 18 (rejecting defendant's argument that the affidavit of loan servicing agent should be given little value because it is not from an officer of the bank, and finding it sufficient for summary judgment purposes to prove that the bank was the owner in possession of the promissory note and mortgage where affiant averred he examined and had personal knowledge of the loan account, the account is under affiant's supervision, there is a principal balance and interest due, and the account is in default), citing *Deutsche Bank Natl. Trust Co. v. Ingle*, 8th Dist. No. 92487, 2009-Ohio-3886, ¶ 18 (affidavit of bank's loan servicing agent sufficient to show bank was the real party in interest), and *Bank of New York v. Dobbs*, 5th Dist. No. 2009-CA-000002, 2009-Ohio-4742, ¶ 40 (affidavit of loan servicing agent, even though not employed by bank, sufficient to provide authentication of documents). Here, Albein testified that he had personal knowledge of the matters to which he averred, and, as an employee of the loan servicing agent for Fannie Mae, he was in the position to have such knowledge. Therefore, for these reasons, we reject appellant's argument that the trial court should have stricken Albein's affidavit because he lacked the requisite personal knowledge.

{¶ 12} Appellant next argues that the facts sworn to in Albein's affidavit were non-admissible hearsay. Appellant argues that Albein's averments—particularly regarding appellant's payment history—that refer to the content and authenticity of records that were created and maintained by other entities before Seterus became the subservicer were inadmissible because these statements constituted testimony by someone other than the

affiant that purports to assert the truth of the matter. Appellant also argues that Albein's averment pertaining to the notice of default and acceleration was inadmissible hearsay because the demand letter Seterus sent appellant was non-admissible hearsay, as it was testimony by someone other than the affiant that purported to assert the truth of the matter.

{¶ 13} However, we find Albein's averments and the attached documents did not constitute inadmissible hearsay, as they constituted an exception to the hearsay prohibition as records of regularly conducted activity pursuant to Evid.R. 803(6). Hearsay is any statement, other than one which is made by the declarant at trial, which is offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C). Under Evid.R. 802, hearsay is inadmissible unless it falls within an exception provided by the rules of evidence. Evid.R. 803(6) provides an exception to the hearsay rule for business records of regularly conducted activity and provides:

> **Records of regularly conducted activity**. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶ 14} To qualify for the business records exception, a record must meet the following criteria: (1) the record must be one recorded regularly in a regularly conducted activity, (2) a person with knowledge of the act, event, or condition recorded must have made the record, (3) it must have been recorded at or near the time of the act, event, or condition, and (4) the party who seeks to introduce the record must lay a foundation through testimony of the record custodian or some other qualified witness. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, ¶ 171. Even when these prerequisites are met, however, the trial court may exclude a record "if 'the source of information or the method

or circumstances of preparation indicate [a] lack of trustworthiness.' " *Id.*, quoting Evid.R. 803(6). A trial court abuses its discretion when it admits a business record in the absence of an adequate foundation to establish admissibility under Evid.R. 803(6). *State v. Myers*, 153 Ohio App.3d 547, 2003-Ohio-4135, ¶ 58 (10th Dist.).

{¶ 15} Here, appellant contests that Albein was a qualified witness. Appellant maintains that Albein, as the source of information, lacked trustworthiness because he was too remote from the entity that created and stored the documents. In other words, as appellant summarizes his argument in his appellate brief, "[a]ffiant's attempt to authenticate, firsthand, records that existed in another company's system constitutes inadmissible hearsay and the trial court should have stricken it." Appellant is essentially arguing that Albein did not have sufficient personal knowledge to authenticate the records. Evid.R. 901 governs authentication or identification of evidence. It states, "[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Evid.R. 901(A). Evid.R. 901(B)(1) provides that the testimony of a witness with knowledge, who testifies that a matter is what it is claimed to be, conforms with the requirements of Evid.R. 901. Thus, " 'any competent witness who has knowledge that a matter is what its proponent claims may testify to such pertinent facts, thereby establishing, in whole or in part, the foundation for identification.' " *TPI Asset Mgt. v. Conrad-Eiford*, 193 Ohio App.3d 38, 2011-Ohio-1405, ¶ 13 (2d Dist.), quoting *Weissenberger's Ohio Evidence Treatise*, Section 901.2 (2010). Thus, verification of documents attached to an affidavit supporting or opposing a motion for summary judgment is generally satisfied by an appropriate averment in the affidavit itself, for example, that "such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981).

{¶ 16} In the present case, Albein averred that the business records attached to the affidavit were true copies of the electronically stored duplicates of the originals. Evid.R. 1003 governs the admissibility of duplicates, and provides that a "duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." The party seeking to exclude a duplicate has the burden

of demonstrating that the duplicate should be excluded. *State v. Tibbetts*, 92 Ohio St.3d 146, 160 (2001). The party seeking to exclude a duplicate cannot rely on mere speculation as to its authenticity. *See* Evid.R. 1003, and *State v. Easter*, 75 Ohio App.3d 22, 27 (4th Dist.1991). Furthermore, "the decision to admit duplicates, in lieu of originals, is one that is left to the sound discretion of the trial court." *Id.* Here, appellant does not raise any issue about the actual authenticity of the business records and does not contend that it would be unfair under the circumstances to accept the duplicate in lieu of the original. Appellant's only arguments relate to whether Albein was qualified to authenticate the documents because he lacked firsthand knowledge regarding their creation, and whether the facts Albein swore to in his affidavit regarding the authenticity of the notes constituted hearsay. Appellant fails to set forth any bona fide argument that the documents are not what they purport to be.

{¶ 17} There exists competent authority that a loan servicing agent may properly authenticate copies of business records. The affidavit of the bank's loan servicing agent provides a sufficient foundation for the admissibility of the relevant loan documents as business records under Evid.R. 803(6). *See, e.g., Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 39; *Fifth Third Mtge. Co. v. Bell*, CA2013-02-003, 2013-Ohio-3678, ¶ 28 (loan servicing agent's affidavit properly authenticated the attached documents, including the note and mortgage); *U.S. Bank, N.A. v. Martin*, 7th Dist. No. 13 MA 107, 2014-Ohio-3874, ¶ 34 (summary judgment affidavit of loan servicer's employee was sufficient to authenticate notice of intent to accelerate, where affidavit stated that the copy of the notice of intent to accelerate was a true and accurate copy of notice); *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, citing *Dobbs* at ¶ 40 (even though not employed by the bank, affidavit of bank's loan servicing agent was sufficient to authenticate documents). It is clear that a witness providing the foundation for a recorded business activity need not have firsthand knowledge of the transaction. *Najar* at ¶ 39, citing *U.S. Bank N.A. v. Wilkens*, 8th Dist. No. 96617, 2012-Ohio-1038, ¶ 46, citing *Moore v. Vandemark Co., Inc.*, 12th Dist. No. CA2003-07-063, 2004-Ohio-4313, ¶ 18. Thus, we find that Albein properly authenticated the copies of the business records attached to his affidavit. For all of the foregoing reasons, we find the trial court did not err when it relied

upon Albein's affidavit in rendering summary judgment in favor of Fannie Mae. Therefore, appellant's assignment of error is overruled.

{¶ 18} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

————————————