[Cite as *HSBC Bank USA, Natl. Assn. v. Webb*, 2017-Ohio-9285.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| HSBC Bank USA, National Association, As Trustee for Citigroup Mortgage Loan, Trust Inc., Asset Backed Pass Through Certificates Series 2003-HE4 | : | | |
| | : | No. 16AP-845 | |
| | : | (C.P.C. No. 15CV-10696) | |
| Plaintiff-Appellee, | : | | |
| | : | (REGULAR CALENDAR) | |
| v. | : | | |
| Graydon D. Webb et al., | : | | |
| Defendants-Appellants. | : | | |
| | : | | |

---

### D E C I S I O N

#### Rendered on December 28, 2017

---

**On brief:** *Thompson Hine LLP*, *Scott A. King*, and *Terry W. Posey, Jr.*, for appellee. **Argued:** *Terry W. Posey, Jr.*

**On brief:** *The Dann Law Firm*, *Emily C. White*, *Brian D. Flick*, and *Marc E. Dann*, for appellants. **Argued:** *Emily C. White.*

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendants-appellants, Graydon Webb and Terri Webb, appeal an entry and foreclosure decree issued on November 9, 2016 by the Franklin County Court of Common Pleas in favor of plaintiff-appellee, HSBC Bank USA, National Association, as Trustee for Citigroup Mortgage Loan Trust Inc., Asset Backed Pass Through Certificates Series 2003-HE4 ("HSBC"). Because the paragraphs in the supporting affidavit that address the principal and interest due on the note must be stricken for failure to comply

No. 16AP-845

with Civ.R. 56(E), HSBC failed to establish all the requirements for summary judgment in a foreclosure action. Therefore, we sustain the Webbs' assignment of error, reverse the judgment of the trial court, and remand for proceedings consistent with this opinion.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On December 1, 2015, HSBC sued the Webbs and other defendants not relevant to this appeal. (Dec. 1, 2015 Compl.) The complaint sought to obtain judgment on the outstanding balance of a note signed by the Webbs and to foreclose, pursuant to a mortgage, on residential real estate located at 4815 Stonehaven Drive, Columbus, Ohio 43220. *Id.* On December 21, 2015, the Webbs answered denying every allegation in the complaint for lack of knowledge. (Dec. 21, 2015 Answer); Civ.R. 8(B).

{¶ 3} Approximately four months later, on April 27, 2016, HSBC moved for summary judgment. (Apr. 27, 2016 Mot. for Summ. Jgmt.) In support of its motion, HSBC attached an affidavit from Cynthia Thomas, an employee of Wells Fargo, N.A., which was the servicing agent of HSBC in this case. (Apr. 27, 2016 Thomas Aff.) The affidavit was accompanied by documents purporting to be copies of the note (with allonges), the mortgage, several transfers, several modifications, and a delinquency notice. (Exs. A-H attached to Thomas Aff.) Notably, HSBC failed to attach any documents that substantiated Thomas' assertions regarding the amount of principal and interest due on the note. The Webbs opposed summary judgment by filing a motion to strike Thomas' affidavit in which they argued that the affidavit was not based on Thomas' personal knowledge, did not authenticate or provide a sufficient foundation to authenticate the exhibits to it, and did not attach documentary evidence of the delinquency. (May 9, 2016 Mot. to Strike.) The Webbs also filed a response in opposition to summary judgment arguing the same alleged deficiencies in Thomas' affidavit as were highlighted in their motion to strike. (May 9, 2016 Resp. in Opp. to Summ. Jgmt.)

{¶ 4} On November 9, 2016, the trial court denied the Webbs' motion to strike and granted HSBC's motion for summary judgment. (Nov. 9, 2016 Entry & Decree.) Essentially, the trial court found that "the affidavit of Ms. Thomas contain[ed] the proper foundation, authenticate[d] the documents attached thereto, establishe[d] that Plaintiff [wa]s in possession of the subject note, and establishe[d] the default and balance due on the note." *Id.* at 2. The trial court then noted that "[o]ther than their arguments related to

No. 16AP-845

the sufficiency of Plaintiff's supporting affidavit," the Webbs had "not presented any Civ.R. 56 evidence to indicate they [we]re not in default of the subject note or that the amount alleged due on the note [wa]s incorrect." *Id.* The trial court entered judgment against the Webbs jointly and severally for $790,528.49 and ordered foreclosure of the subject property. *Id.* at 3-4.

{¶ 5} The Webbs now appeal.

## II. ASSIGNMENT OF ERROR

{¶ 6} The Webbs set forth a single assignment of error:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE.

## III. DISCUSSION

### A. Standard of Review

{¶ 7} Civ.R. 56(C) provides that:

> Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The Supreme Court of Ohio has explained:

> Summary judgment will be granted only when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 Ohio Op. 3d 466, 364 N.E.2d 267. The burden of showing that no genuine issue of material fact exists falls upon the party who files for summary judgment. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 294, 1996 Ohio 107, 662 N.E.2d 264.

*Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10; *see also, e.g.*, *Esber Beverage Co. v. Labatt United States Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, ¶ 9. In deciding summary judgment, the trial court must give the nonmoving party "the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Byrd* at ¶ 25. When reviewing a trial court's decision on

No. 16AP-845

summary judgment, our review is de novo. Therefore, we apply the same legal standards as the trial court. *Westfield Ins. Co. v. Hunter*, 128 Ohio St.3d 540, 2011-Ohio-1818, ¶ 12; *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, ¶ 24.

{¶ 8} On a motion for summary judgment, the moving party carries an initial burden of setting forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact. *Id.*

### B. Whether the Trial Court Erred in Relying Upon Thomas' Affidavit and Therefore Erred in Granting Summary Judgment to HSBC

{¶ 9} In addition to the prerequisites of execution, delivery, and recording, " '[t]o properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.' " *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. No. 2010 CA 00291, 2011-Ohio-3203, ¶ 40-45; *Home S. & L. Co. v. Eichenberger*, 10th Dist. No. 12AP-1, 2012-Ohio-5662, ¶ 17; *see also, e.g.*, *Logansport Sav. Bank, FSB v. Shope*, 10th Dist. No. 15AP-148, 2016-Ohio-278, ¶ 13; *Perpetual Fed. Sav. Bank v. TDS2 Property Mgt., LLC*, 10th Dist. No. 09AP-285, 2009-Ohio-6774, ¶ 19. Here, because HSBC failed to meet its evidentiary burden to establish the principal and interest due on the note, we reverse and remand.

### 1. Personal Knowledge

{¶ 10} Affidavits offered to support or oppose summary judgment "shall be made on personal knowledge." Civ.R. 56(E). Generally speaking, " '[p]ersonal knowledge' is 'knowledge gained through firsthand observation or experience, as distinguished from a

No. 16AP-845

belief based on what someone else has said.' " *Bonacorsi* at ¶ 26, quoting *Black's Law Dictionary* 875 (7th Ed.1999). However, records custodians can present business records kept in the regular course of business if they have personal knowledge of the company's records because such records are excepted from exclusion as hearsay and may be authenticated by the records custodian. *See Fannie Mae v. Bilyk*, 10th Dist. No. 15AP-11, 2015-Ohio-5544, ¶ 8-17; Evid.R. 803(6).

{¶ 11} On the extent of Thomas' personal knowledge, her affidavit reads as follows:

1. I am a duly appointed Vice President Loan Documentation with Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), the servicing agent for Plaintiff herein, and in that capacity I am authorized to execute this Affidavit. As a Vice President Loan Documentation, I am responsible for assuring and validating the accuracy of the statements in this affidavit. I am over the age of 18 and competent to testify as to the matters contained herein.

2. In the regular performance of my job functions, I am familiar with business records maintained by Wells Fargo for the purpose of servicing mortgage loans. These records (which include data compilations, electronically imaged documents, and others) are made at or near the time by, or from information provided by, persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Wells Fargo. It is the regular practice of Wells Fargo's mortgage servicing business to make these records. In connection with making this affidavit, I have acquired personal knowledge of the matters stated herein by examining these business records.

(Thomas Aff. at ¶ 1-2.) In short, Thomas' affidavit establishes that she had knowledge of the status and keeping of records within Wells Fargo for the purpose of servicing mortgage loans, and had personal knowledge of the Webbs' loan, mortgage, and related transactions only to the extent that she had reviewed such records. Thus, she could offer sworn statements summarizing the content of the records and asserting, for example, that HSBC has had (since the time of the filing of the complaint) possession of the note. *Id.* at ¶ 3-5.

No. 16AP-845

## 2. Failure to Attach Documents Showing Principal and Interest Due

{¶ 12} Thomas' affidavit establishes that her knowledge came exclusively through review of records; in other words she had no personal knowledge of the Webbs' payment history independent from the records kept by Wells Fargo as a part of its role as servicer for HSBC. (Thomas Aff. at ¶ 1-2.) Consistent with that observation, Thomas' averments with regard to the Webbs' payment history repeatedly stated that they were based on the "business records" of Wells Fargo:

> 6. According to Wells Fargo business records, payments have not been made as required under the terms of the Promissory Note and Mortgage; the account is due and owing for the February 1, 2015 payment; the last payment was received on March 31, 2015 and was applied to the January 2015.
>
> 7. A Notice of Default letter dated 1/23/2015 was sent to the Borrower(s) by first class mail.
>
> 8. According to Wells Fargo's business records, no subsequent payments to bring the loan current have been made and the default on the loan has not been cured. Plaintiff or its agent has accelerated the account, pursuant to the terms of the Promissory Note and Mortgage, making the entire balance due. As a result of the default on the loan, and the acceleration of the debt, the total amount due to Plaintiff through 03/30/2016 is $822,839.05 which breaks down as follows:
>
> The amount due the Plaintiff on said Note through 03/30/2016 is $822,839.05 which breaks down as follows:
>
> | | |
> |---|---|
> | Principal | $687,346.02 |
> | Non-Interest Second Principal | $103,182.47 |
> | Interest | |
> | From 01/01/2015 to 03/30/2016 @ 2.000% | $17,130.35 |
> | Pre-acceleration Late Charges | $0.00 |
> | Hazard Insurance Disbursements | $9,977.00 |
> | Tax Disbursements | $5,203.21 |
> | Property Inspections/Preservation | $0.00 |

No. 16AP-845

| | |
|---|---|
| PMI/MIP Insurance | $0.00 |
| Other (specify charges/fees) | $0.00 |
| Escrow Balance Credit | $0.00 |
| Credits to Borrower | $0.00 |
| Total | $822,839.05 |

Per diem interest in the amount of $37.66 will accrue on the principal from 03/30/2016 and thereafter in accordance with the Note.

(Thomas Aff. at ¶ 6-8.)

{¶ 13} Civ.R. 56(E) provides that "[s]worn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."  The Supreme Court has held that this requirement is satisfied by attaching copies of such papers "coupled with a statement therein that such copies are true copies and reproductions." *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467 (1981).  As Thomas, by her own admission, had no independent knowledge of the Webbs' payment history; she referred to and relied upon Wells Fargo's "business records" in setting forth the amount due and owing on the note. (Thomas Aff. at ¶ 1-2, 6-8.)  Thus, according to Civ.R. 56(E), those records must be attached to the affidavit or served with it and the affidavit must confirm that such records (if they were not the originals) are true and accurate copies or reproductions.

{¶ 14} The only documentation attached to Thomas' affidavit regarding the Webbs' payment status was a letter sent on January 23, 2015 to the Webbs by America's Service Company. (Ex. H attached to Thomas Aff.)  That letter stated that the account was in default but could be brought current by February 27, 2015 if the past-due amount of $15,654.99 was paid in addition to late charges of $180.13. *Id.*  Although this letter is sufficient to support Thomas' assertion in paragraph 7 of her affidavit that the Webbs were in default, it does not establish the principal and interest currently due after acceleration.  Nor did HSBC attach or submit the account records Thomas relied on to determine the principal and interest due as set forth in paragraphs 6 and 8 of her affidavit.

No. 16AP-845

{¶ 15} When an affiant expressly relies on documents but does not attach the documents, and the sufficiency of the affidavit is timely challenged, the portions of the affidavit that referenced those documents must be stricken. *Bank of N.Y. Mellon v. Brock*, 12th Dist. No. CA2014-01-003, 2014-Ohio-3085, ¶ 16-17; *Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. No. CA2012-04-028, 2012-Ohio-5245, ¶ 10-11; *Fed. Natl. Mtge. Assn. v. Ford*, 8th Dist. No. 102395, 2016-Ohio-919, ¶ 16-20. Because HSBC did not attach or submit the account records Thomas relied upon, the paragraphs of her affidavit that address the principal and interest due on the note must be stricken. With these paragraphs stricken from Thomas' affidavit, there is insufficient evidence to support the grant of summary judgment. *Seimer* at ¶ 19.

{¶ 16} HSBC argues that its failure to comply with Civ.R. 56(E) is not fatal to its motion for summary judgment because the Webbs have not disputed the default or the calculation of principal and interest due. We recognize that the Webbs did not present evidence disputing the default or the amount owed on the note. Nevertheless, they have not admitted the amount due on the note and they did challenge the sufficiency of the evidence supporting HSBC's motion for summary judgment. The Webbs specifically challenged the sufficiency of the Thomas' affidavit in both their motion to strike and their memorandum in opposition to HSBC's motion for summary judgment. Among other arguments, the Webbs asserted that the Thomas affidavit should be stricken for failure to attach or submit the documents relied upon by Thomas as required by Civ.R. 56(E). These facts distinguish this case from those cited by HSBC, which involved situations where the homeowner admitted the averments in the bank's affidavit or did not challenge the sufficiency of the bank's affidavit based upon a failure to attach documents relied upon by the affiant. *See, e.g.*, *Wells Fargo Bank, N.A. v. Thatcher*, 11th Dist. No. 2013-L-030, 2013-Ohio-5828, ¶ 21 (affirming summary judgment in favor of bank where bank submitted affidavit as proof of default and the homeowner "did not dispute the evidential quality of the affidavit and did not provide evidence that would controvert [the bank's employee's] averments regarding the status or balance of the account"); *Countywide Home Loans, Inc. v. Baker*, 10th Dist. No. 09AP-968, 2010-Ohio-1329, ¶ 8 (bank's affidavit sufficient to carry the bank's initial burden under Civ.R. 56 where homeowner denied default in their answer and memorandum contra summary judgment but did not

No. 16AP-845

challenge the sufficiency of the bank's affidavit and did not submit proper Civ.R. 56(C) evidence). None of the cases cited by HSBC involved challenges to an affidavit based upon the failure to attach documents expressly relied upon by the affiant as required by Civ.R. 56(E).[1]

{¶ 17} Here, because the documents relied upon by Thomas in her affidavit were not attached or submitted as required by Civ.R. 56(E), those paragraphs must be stricken. Without these paragraphs, HSBC did not meet its initial burden to establish the principal and interest due on the note, which is one of the requirements for summary judgment in a foreclosure case. *Seimer* at ¶ 19. For this reason, we sustain the Webb's assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand for further proceedings consistent with this decision.

{¶ 18} Because we have sustained the Webb's assignment of error based upon HSBC's failure to comply with Civ.R. 56(E), the Webb's remaining arguments are moot and we decline to address them.

*Judgment reversed; case remanded.*

SADLER and HORTON, JJ., concur.

HORTON, J., concurring.

{¶ 19} I concur with the majority but write separately to explain the greater flaws with Ms. Thomas' affidavit. Nowhere in her affidavit did Thomas assert that the copied documents attached to her affidavit were accurate reproductions of the originals.[2] The only letter attached to Thomas' affidavit regarding the Webbs' payment status was not sufficient to provide evidentiary support for Thomas' assertions regarding the payment history of the Webbs or the amounts due. The letter actually demonstrated conflicting

---

[1] *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657 (no challenge to affidavit based on failure to attach documents referenced and relied upon by affiant); *Wells Fargo Bank, N.A. v. Fridley*, 9th Dist. No. 13CA0049, 2014-Ohio-5604 (no assertion that bank failed to meet its initial burden on summary judgment for failure to comply with Civ.R. 56(E)); *CitiMortgage, Inc. v. Nyamusevya*, 10th Dist. No. 14AP-464, 2016-Ohio-5588 (Civ.R. 56(E) issue raised by debtor but found moot because debtor's affidavit created an issue of fact regarding the amount due on the note, thereby preventing summary judgment); *U.S. Bank Natl. Assn. v. Stallman*, 8th Dist. No. 102732, 2016-Ohio-22 (no challenge to affidavit based on failure to attach documents referenced and relied upon by affiant).

[2] Thomas' affidavit asserted that the records attached were "copies of the Promissory Note (Exhibit A) with any applicable endorsements and the Mortgage (Exhibit E) with any applicable Assignments (Exhibit F and G) and the Notice of Default Letter (Exhibit H), and the Loan Modification Agreement (Exhibit B, C and D) redacted solely to protect any private, personal, financial information." (Thomas Aff. at ¶ 10.) That is, she did not explicitly state that the records are *accurate* copies of the originals.

No. 16AP-845

information on the topic of late charges. Thomas' affidavit asserted that the Webbs owed no late charges while the letter asserted that they owed $180.13. *Compare* Thomas Aff. at ¶ 8 *with* Ex. H to Thomas Aff. Thomas' affidavit also made no attempt to explain the relationship, if any, between Wells Fargo and America's Service Company or why her position as a records custodian for Wells Fargo would have given her knowledge of the business records of America's Service Company.

{¶ 20} In short, Thomas had no independent foundation of personal knowledge from which to testify to the status of the Webbs' payment history or loan status and in attempting to testify to such matters based on her knowledge of Wells Fargo's business records, her affidavit failed to comply with Civ.R. 56(E). She did not attach the records to which she referred in reaching the facts and figures set forth in her affidavit nor did she aver that the records which she did attach were accurate copies of the originals. Her averments as to the default and the amount of principal and interest due were thus not of "evidentiary quality." *Regions Bank v. Seimer,* 10th Dist. No. 13AP-542, 2014-Ohio-95 at ¶ 19. As a consequence, HSBC failed to carry its burden to show its entitlement to summary judgment because it failed to present "evidentiary quality" evidence on more than one necessary element of its foreclosure action. *Id.*; *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, ¶ 10.

{¶ 21} Construing the evidence in the light most favorable to the Webbs, HSBC failed to show that there was no genuine dispute as to any material fact or that the undisputed facts were such as to entitle HSBC to judgment as a matter of law. The affidavit HSBC offered in support of summary judgment did not comply with Civ.R. 56(E) or properly establish a personal knowledge basis for the affiant's sworn statements as to the payment status of the Webbs' debt. Thus, I agree that summary judgment should not have been granted and we must therefore reverse and remand for proceedings consistent with this decision.

_____