[Cite as *U.S. Bank Trust, N.A. v. Kerwood* , 2018-Ohio-3062.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 18AP-35 |
| | | (C.P.C. No. 17CV-3232) |
| Brad A. Kerwood et al., | : | |
| Defendants-Appellees, | : | (REGULAR CALENDAR) |
| (Global Capital Partners, LLC, Trustee of the 1794 Audrey Road Trust, | : | |
| | : | |
| Defendant-Appellant). | : | |
| | : | |

D E C I S I O N

Rendered on August 2, 2018

**On brief:** *Reisenfield & Associates, LLC,* and *John R. Tarter*, for appellee U.S. Bank Trust N.A., as Trustee, LSF9 Master Participation Trust. **Argued:** *John R. Tarter.*

**On brief:** *Atkins & Atkins, Attorneys at Law, LLC,* and *Anthony McGeorge*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Global Capital Partners, LLC, Trustee of the 1794 Audrey Road Trust ("Global Capital Partners") is appealing from the granting of summary judgment in a foreclosure case. It assigns a single error for our consideration:

> The Trial Court abused its discretion by granting Appellee's Motion for Summary Judgment because there were genuine

issues of fact and Appellee was not entitled to judgment as a matter of law.

{¶ 2}    Civ.R. 56(C) states that summary judgment shall be rendered forthwith if:

[T]he pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion.

{¶ 3}    Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party.  *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 629 (1992), citing *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 65-66 (1978).

{¶ 4}    "Even the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." *Hannah v. Dayton Power & Light Co.*, 82 Ohio St.3d 482, 485 (1998).  Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-59 (1992).

{¶ 5}    De novo review is well established as the standard of review for summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  We stand in the shoes of the trial court and conduct an independent review of the record applying the same summary judgment standard.  *See Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996); *Coventry Twp. v. Ecker*, 101 Ohio App.3d 38, 41-42 (9th Dist.1995).

{¶ 6}    The brief filed on behalf of Global Capital Partners centers its arguments on assertions that U.S. Bank Trusts, N.A. failed to show that it was the holder of the note and mortgage in question and other foundational issues.  The brief does not allege that payments on the note have been made.

{¶ 7} " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present "evidentiary quality materials" establishing: (1) that the plaintiff is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due.' " *HSBC Bank USA, N.A. v. Webb*, 10th Dist. No. 16AP-845, 2017-Ohio-9285, ¶ 9, quoting *Regions Bank v. Seimer*, 10th Dist. No. 13AP-542, 2014-Ohio-95, ¶ 19, quoting *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. No. 98502, 2013-Ohio-1657, ¶ 17, citing *U.S. Bank, N.A. v. Adams*, 6th Dist. No. E-11-070, 2012-Ohio-6253, ¶ 10, citing *Wachovia Bank v. Jackson*, 5th Dist. No. 2010-CA-00291, 2011-Ohio-3203, ¶ 40-45; *Home S. & L. Co. v. Eichenberger*, 10th Dist. No. 12AP-1, 2012-Ohio-5662, ¶ 17. Apparently in 2006, Brad and Julie K. Kerwood bought 1794 Audrey Road in Columbus, Ohio subject to a note and mortgage. The mortgage was assigned to U.S. Bank in 2016.

{¶ 8} The Kerwoods stopped paying on the note and mortgage and apparently executed a deed transferring their interest in the property to Global Capital Partners. U.S. Bank, in turn, initiated a foreclosure action and served the Kerwoods with appropriate process. The Kerwoods never entered an appearance in the litigation, so U.S. Bank filed a motion requesting a default judgment as to the Kerwoods. As to the remaining parties, it filed a motion requesting summary judgment.

{¶ 9} In its brief, U.S. Bank asserts that Global Capital Partners has no standing to contest the note and mortgage executed by the Kerwoods. A third party, not a party to a contract, has no enforceable right under such contract unless the contracting parties intended to create such rights. *Gentile v. Ristas*, 160 Ohio App.3d 765, 2005-Ohio-2197, ¶ 89 (10th Dist.), citing *Laverick v. Children's Hosp. Med. Ctr., Inc.*, 43 Ohio App.3d 201, 204 (9th Dist.1988). If the promisee intends that a third party should benefit from the contract, then that third party is an intended beneficiary who has enforceable rights under the contract. *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, ¶ 11, citing *Hill v. Sonitrol of Southwestern Ohio, Inc.*, 36 Ohio St.3d 36, 40 (1988). If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an incidental beneficiary, who has no enforceable rights under the contract. *Id.* As

to the note, this is apparently true. The note signed by the Kerwoods is their obligation, not the obligation of any other entity.

{¶ 10} As to the mortgage, however, Global Capital Partners has standing. It is the recipient of a deed purportedly conveying ownership of the property to it. If that ownership is taken away, it is harmed. Global Capital Partners has standing to contest ownership of the property.

{¶ 11} Global Capital Partners also argues about various technicalities in the information before the trial court when the notice of summary judgment was filed. None of these arguments are persuasive.

{¶ 12} Affidavits offered to support or oppose summary judgment "shall be made on personal knowledge." Civ.R. 56(E). "[R]ecords custodians can present business records kept in the regular course of business if they have personal knowledge of the company's records because such records are excepted from exclusion as hearsay and may be authenticated by the records custodian." *HSBC Bank USA, N.A.* at ¶ 10; *see Fannie Mae v. Bilyk*, 10th Dist. No. 15AP-11, 2015-Ohio-5544, ¶ 8-17; Evid.R. 803(6).

{¶ 13} The employee of the entity which processes the loan documents for U.S. Bank demonstrates sufficient personal knowledge of the transaction to allow her affidavit to be considered by the trial court when considering the merits of the motion for summary judgment filed on behalf of U.S. Bank.

{¶ 14} The trial court properly found that there is no genuine issues as to any material fact, and that U.S. Bank Trust, N.A. is entitled to a judgment and decree in foreclosure as a matter of law. The sole assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

———————————