[Cite as *U.S. Bank Natl. Assn. v. Perdeau*, 2014-Ohio-5818.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

U.S. Bank National Association                  Court of Appeals No. L-13-1226

    Appellee                                 Trial Court No. CI0201201805

v.

Robert M. Perdeau, et al.                       **DECISION AND JUDGMENT**

    Appellant                                Decided:  December 31, 2014

* * * * *

David A. Wallace and Karen M. Cadieux, for appellee.

Marc E. Dann and Grace Doberdruk, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robert Perdeau, appeals a judgment of foreclosure issued by the Lucas County Court of Common Pleas.  Because we conclude the trial court had subject-matter jurisdiction over the foreclosure action, and did not abuse its discretion in denying appellant's motion to vacate without holding a hearing, we affirm.

**{¶ 2}** Appellant sets forth two assignments of error:

1. The trial court erred by denying appellant Robert Perdeau's 12(B)(1) motion to dismiss.

2. The trial court abused its discretion by denying appellant Robert Perdeau's 60(B) motion to vacate without holding a hearing.

**{¶ 3}** On April 17, 2006, appellant executed a note in favor of The CIT Group/ Consumer Finance, Inc. ("CIT"), promising to repay a $119,000 loan over a 30 year period. Securing the loan was a mortgage on real property in Sylvania, Ohio, to Mortgage Electronic Registration Systems, Inc. ("MERS"), "a separate corporation that is acting solely as a nominee for Lender and Lender's Successors and Assigns."

**{¶ 4}** The mortgage was recorded on May 8, 2006. On February 14, 2012, the mortgage was assigned from MERS to appellee, U.S. Bank National Association (as Successor-In-Interest to Bank of America, N.A., as Successor By Merger to LaSalle Bank National Association), as Trustee, on Behalf of the Holders of the GSAMP Trust 2006-HE4 Mortgage Pass-Through Certificates, Series 2006-HE4.

**{¶ 5}** On February 21, 2012, appellee instituted the foreclosure action that underlies this appeal. Appellee alleged appellant was in default of the terms of the loan. Appellee sought judgment on the loan, foreclosure of the mortgage and sale of the property. Attached to appellee's complaint were copies of the note, the mortgage and the assignment of the mortgage. Appellant answered the complaint on March 21, 2012.

2.

**{¶ 6}** On March 26, 2012, appellee moved for summary judgment. In support of the motion, appellee attached the note and mortgage. Accompanying these documents was the affidavit of a document control officer at Select Portfolio Servicing, Inc. ("Select"), as servicing agent for appellee, who averred appellee is the owner and holder of the note and mortgage executed by appellant. The officer further averred appellant was in default by failing to make the payment due October 1, 2011, and all payments thereafter. The Select officer also swore appellee sent appellant the required notice of intent to foreclose at least 30 days before the foreclosure complaint was filed. Appellant did not oppose the motion. On June 27, 2012, the trial court granted the motion for summary judgment and issued a decree of foreclosure. Appellant did not appeal this judgment.

**{¶ 7}** On April 23, 2013, appellant's counsel filed a Civ.R. 60(B) motion to vacate and Civ.R. 12(B)(1) motion to dismiss. On August 29, 2013, the trial court denied these motions finding the mortgage was timely assigned and the note referred to therein was transferred therewith, and no basis to vacate the judgment was established. Appellant appealed.

**{¶ 8}** In his first assignment of error, appellant contends appellee did not produce evidence of an interest in appellant's note and mortgage at the time appellee's complaint was filed, thus there is no actual controversy between appellee and appellant. Appellant also argues appellee lacked standing to invoke the subject-matter jurisdiction of the trial court because appellee did not establish it was entitled to enforce a note payable to CIT.

3.

Appellant further asserts the assignment attached to appellee's complaint was a void assignment of the mortgage from MERS to appellee. Appellant submits "[t]he trial court erred by denying Appellant Robert Perdeau's 12(B)(1) motion to dismiss and the decision should be reversed and this case be dismissed for lack of subject matter."

{¶ 9} Civ.R. 12(B)(1) provides for the dismissal of a complaint where the trial court lacks jurisdiction over the subject matter of the litigation. The standard of review for dismissal under Civ.R. 12(B)(1) is "whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). Appellate courts review Civ.R. 12(B)(1) decisions de novo, employing the same standard as the trial court. *Howard v. Supreme Court of Ohio*, 10th Dist. Franklin Nos. 04AP-1093, 04AP-1272, 2005-Ohio-2130, ¶ 6.

{¶ 10} The "subject matter jurisdiction of a court is a court's power to hear and decide a case upon its merits." *Morrison v. Steiner*, 32 Ohio St.2d 86, 290 N.E.2d 841 (1972), paragraph one of the syllabus. "To have standing, a party must have a personal stake in the outcome of a legal controversy with an adversary." *Kincaid v. Erie Ins. Co.*, 128 Ohio St.3d 322, 2010-Ohio-6036, 944 N.E.2d 207, ¶ 9. "Although standing is required in order to invoke the jurisdiction of the court over a particular action in foreclosure, lack of standing does not affect the subject-matter jurisdiction of a court of common pleas." *Bank of Am., N.A. v. Kuchta*, __ Ohio St.3d __, 2014-Ohio-4275, __ N.E.3d __, paragraph three of the syllabus.

4.

**{¶ 11}** Here, appellant challenges appellee's lack of standing in a Civ.R. 12(B)(1) motion to dismiss. However, since lack of standing does not affect the court's subject-matter jurisdiction, as stated in *Kuchta*, lack of standing is not a matter subject to dismissal pursuant to Civ.R. 12(B)(1). Accordingly, the trial court did not err when it denied appellant's motion to dismiss. Appellant's first assignment of error is without merit.

**{¶ 12}** In his second assignment of error, appellant argues the trial court should have held a hearing on his Civ.R. 60(B) motion to vacate, as he was entitled to relief based on mistake and fraud under Civ.R. 60(B)(1) and (3).

**{¶ 13}** Civ.R. 60(B) states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party.

**{¶ 14}** To prevail on a Civ.R. 60(B) motion, the movant must demonstrate:

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not

more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec. Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus.

{¶ 15} The movant must set forth "operative facts" in support of these requirements. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). While there is no requirement that the movant submit evidentiary material in support of the motion, the movant must present more than bare allegations of entitlement to relief. *Id.* at 20-21. If the movant's motion for relief from judgment contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing before it rules on the motion. *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19, 665 N.E.2d 1102 (1996). The trial court has discretion in deciding whether to hold an evidentiary hearing on a Civ.R. 60(B) motion, and the court's denial of a Civ.R. 60(B) motion without holding a hearing will not be disturbed on appeal absent an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

{¶ 16} Here, a review of appellant's motion to vacate shows appellant sought relief from judgment under Civ.R. 60(B)(1) and (3), claiming he "hired counsel to defend him, no opposition to Plaintiffs motion for summary judgment was ever filed and Robert Perdeau was under a good faith belief that counsel would respond to all motions filed by

6.

the Plaintiff," and appellee procured judgment through fraud with the affidavit filed in support of its motion for summary judgment. In his affidavit in support of the motion to vacate, appellant avers he is 70 years old and has Parkinson's disease.

{¶ 17} Regarding appellant's claim for relief pursuant to Civ.R. 60(B)(1), he does not specifically delineate under which ground he seeks relief. However, appellant alleges inaction by his attorney, which indicates neglect. The court in *GTE Automatic* defined excusable neglect in the negative, finding it was not excusable neglect if the attorney's conduct "reveals a complete disregard for the judicial system and the rights of the appellee." *Id.* at 153. The *GTE* court, quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), set forth:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Id.* at 152.

{¶ 18} The *GTE* court thus adopted the rule that "the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1)." *Id.* at 153.

7.

{¶ 19} Applying the rule adopted in *GTE* to the present case, the inaction of the attorney is imputed to appellant, and is not considered excusable neglect under Civ.R. 60(B)(1). Appellant has not established he is entitled to relief pursuant to Civ.R. 60(B)(1). Since appellant has failed to satisfy the second prong of the *GTE* test, we need not address the remaining prongs of the test.

{¶ 20} With respect to appellant's claim for relief pursuant to Civ.R. 60(B)(3), he asserts appellee procured the judgment through fraud with a false affidavit. In support thereof, appellant sets forth several arguments. First, appellee cannot be the holder of the note as alleged in the affidavit in support of its motion for summary judgment because the note attached to its complaint is payable to CIT with no endorsement to appellee. Next, appellee is prevented from holding the note by operation of its own pooling and servicing agreement ("PSA") because the PSA for the trust sets forth the trust closed June 29, 2006. The note did not immediately pass to the trustee because the note fails to contain the proper endorsements required by the PSA. Furthermore, appellee is prevented from holding the mortgage because the assignment was executed February 12, 2012, years after the closing date of the trust. Since the transfers did not comply with the PSA, the transfers are void and the trustee, appellee, lacks standing to file for foreclosure. Appellant asks the court to take judicial notice of the PSA, which is located on a website, because postings on government websites are inherently authentic.

{¶ 21} Further in support of his claim under Civ.R. 60(B)(3), appellant argues the following. The affidavit of the Select officer, submitted by appellee in support of its

8.

motion for summary judgment, "does not appear to have been made upon personal knowledge" because it states appellee is the owner and holder of the note and appellee sent the required notice of intent to foreclose to appellant at least 30 days before the foreclosure complaint was filed. The affidavit does not mention how the note was transferred to the trust. In addition, appellee could not have mailed notice of intent to appellant because the note was never negotiated to appellee and the mortgage was assigned seven days before the complaint was filed. Appellee therefore failed to establish it complied with a condition precedent. Also, although the affidavit states the note is in default, there is no exhibit attached to the affidavit evidencing such a default. In support of his motion to vacate, appellant avers in his affidavit he never received notice of intent to foreclose from appellee.

### Note's Lack of Endorsement

{¶ 22} The record shows the note attached to appellee's complaint was payable to CIT and was never endorsed to appellee or endorsed in blank. When a note is unendorsed, the note itself is insufficient to show the transferee is a "holder" of the note. *Deutsche Bank Natl. Trust Co. v. Gardner*, 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, ¶ 22. Nonetheless, other evidence in the record can be considered to determine whether the transferee has the right to enforce the note. *Id.* In *Deutsche Bank Natl. Trust Co. v. Greene*, 6th Dist. Erie No. E-10-006, 2011-Ohio-1976, ¶ 15, this court held:

> the assignment of the mortgage, in conjunction with interlocking references
> in the mortgage and the note, transferred the note as well. See Restatement

9.

of the Law 3d, Property-Mortgages (1997) 380, Section 5 .4(b); *Bank of N.Y. v. Dobbs*, 5th Dist No. 2009-CA-002, 2009-Ohio-4742, ¶ 17-41, appeal not allowed, 124 Ohio St.3d 1444, 920 N.E.2d 374, 2010-Ohio-188.

**{¶ 23}** Here, appellee alleges in its complaint that it "is a person entitled to enforce the Note, pursuant to Section 1303.31 of the Ohio Revised Code, and the Mortgage was given to secure the Note." Attached to appellee's complaint are copies of the note, mortgage and assignment. Copies of the note and mortgage are also attached to the Select officer's affidavit. The officer avers in the affidavit that appellee is the owner and holder of the note and mortgage executed by appellant. In addition, a review of the language in the loan documents shows each document references the other. The note clearly sets forth "this note [is] covered by a mortgage." Likewise, the mortgage states: "[t]o secure payment of a Note I signed today, * * *." Similarly, the assignment provides: "[a]ssignor [MERS] hereby assigns unto the above-named Assignee, [appellee] the said Mortgage together with other evidence of indebtedness * * *."

**{¶ 24}** We find, based upon the language in the note, the mortgage and the assignment, the parties had a clear intent to keep the note and mortgage together. Thus, just like in the *Greene* case, the assignment of the mortgage, in conjunction with the interlocking references in the mortgage and the note, transferred the note as well. Therefore, despite the lack of endorsement on the note, there is evidence that appellee is the owner and holder of the note with the right to enforce payment thereon. Thus, the officer's averment to that effect is supported by the record.

10.

**PSA**

{¶ 25} Appellant challenges appellee as the holder of the note because the note lacked the endorsements required by the PSA. Appellant also claims appellee is prevented from holding the mortgage because the assignment was executed after the closing date of the trust, which did not comply with the PSA.

{¶ 26} This court held in *Bank of New York Mellon v. Huth*, 6th Dist. Lucas Nos. L-12-1241, L-12-1283, 2014-Ohio-4860, ¶ 26, that a mortgage borrower who is not a party to an assignment of the mortgage lacks standing to challenge the assignment of his mortgage based upon a claimed breach of the pooling and servicing agreement. This court noted:

> Ohio courts have routinely found that when a debtor or mortgagor is neither a party to, nor a third-party beneficiary of, the assignment of a mortgage, the debtor or mortgagor lacks standing to challenge the validity of the mortgage assignment between an assignor and an assignee. *LSF6 Mercury REO Invests. Trust Series 2008-1 c/o Vericrest Fin., Inc. v. Locke*, 10th Dist. Franklin No. 11AP-757, 2012-Ohio-4499, ¶ 28; *Bank of New York Mellon v. Froimson*, 8th Dist. Cuyahoga No. 99443, 2013-Ohio-5574, ¶ 17-18. *Buckner v. Bank of New York*, 12th Dist. Clermont No. CA2013-07-053, 2014-Ohio-568, ¶ 15. *Id.* at ¶ 25.

{¶ 27} Based on the foregoing, appellant does not have standing to challenge compliance with the PSA.

**Statements in Affidavit**

{¶ 28} Appellant alleges the affidavit of the Select officer offered in support of appellee's motion for summary judgment "does not appear to have been made upon personal knowledge" because the affidavit does not mention how the note was transferred to the trust. Appellant further alleges the affidavit falsely states appellee mailed a notice (of intent to foreclose, of default and of acceleration) at least 30 days prior to foreclosure when appellee was not assigned the mortgage until only seven days prior to foreclosure, thus appellee failed to establish it complied with a condition precedent, so the judgment should be vacated. Appellant also contends the affidavit did not include a payment history as an exhibit demonstrating a default, as required under Civ.R. 56(E).

> To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due. *Wright-Patt Credit Union, Inc. v. Byington*, 6th Dist. Erie No. E-12-002, 2013-Ohio-3963, ¶ 10. The defendant's response "by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so

respond, summary judgment, if appropriate, shall be entered against the party." Civ.R. 56(E).

{¶ 29} Here, appellee presented all of the required evidence in support of its motion for summary judgment. Appellee offered evidence that it is entitled to enforce the note, and that the mortgage was assigned to appellee. While the officer's affidavit did not mention how the note was transferred to the trust, there is no requirement for appellee to present this information. In addition, appellee submitted evidence, via the officer's affidavit, that:

> Robert M. Perdeau defaulted under the terms and conditions of the above stated note/bond and mortgage by failing, refusing and neglecting to make the payment due October 1, 2011, and all payments due thereafter. * * * Plaintiff sent the required Notice of Intent to Foreclosure to the borrower(s) at least 30 days prior to filing the foreclosure complaint. * * * Borrower has defaulted under the Note and Mortgage and has filed to cure the default. All requirements necessary to accelerate the loan have been met, and the loan has been accelerated * * *. [T]the amount due on the Note includes (a) unpaid principal in the amount of $113,589.30; (b) interest on the unpaid principal at the rate of 8.9% * * *.

{¶ 30} As stated previously, appellant did not respond to or oppose appellee's motion for summary judgment. Moreover, appellant's affidavit in support of his motion to vacate did not contradict any of appellee's evidence nor in any way challenge the

officer's affidavit, although appellant avers he never *received* a notice of intent to foreclose from appellee. Under the terms of the note, "[a]ny notice that must be given to me [the Borrower] under this Note will be given by delivering it or by mailing it addressed to me at the Mailing Address above." The mortgage provides, "I agree that any notice and demand may be given to me either in person or by mail." The language of the note and the mortgage does not require appellee ensure that appellant receives the notice. Therefore, appellant's failure to actually receive the notice does not demonstrate that appellee did not send the notice or that appellee did not comply with a condition precedent.

{¶ 31} Concerning appellant's argument that appellee could not have mailed notice of intent to foreclose to appellant at least 30 days before the foreclosure complaint was filed because the mortgage was only assigned 7 days before the complaint was filed, it appears as if appellant is contending that since appellee did not have an interest in the mortgage at least 30 days before the foreclosure complaint was filed, appellee could not mail a notice of intent to foreclose to appellant. While the law in Ohio is clear that a party must have an interest in a note or mortgage *at the time suit is filed* in order to have standing to invoke the jurisdiction of the court, appellant presents no law in support of his argument and we have found none which provides that a future assignee of a mortgage cannot give notice of intent to foreclose *prior to the time suit is filed. See Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d

14.

1214, ¶ 28, *reconsideration denied*, 133 Ohio St.3d 1501, 2012-Ohio-5693, 979 N.E.2d 347.

{¶ 32} With respect to appellant's assertion that the officer was required to attach to the affidavit an exhibit establishing appellant's payment history, appellant relies on *Third Fed. S. & L. Assn. of Cleveland v. Farno*, 12th Dist. Warren No. CA2012-04-028, 2012-Ohio-5245, ¶ 10. In that case, the court found the bank's summary judgment motion was not supported, as provided in Civ.R. 56(E), because although the affidavit in support of the motion referenced documentation regarding evidence of default, no documents were attached to the affidavit to show payment history. *Id.* at ¶ 9. Here, however, since appellant did not dispute or object to the averments in the officer's affidavit regarding the amount appellant owed, appellee satisfied its initial burden and no such documentation was required to be attached to the affidavit. *See Huntington Natl. Bank Mtge. Loan Dept. v. Peppel*, 12th Dist. Warren No. CA2013-11-114, 2014-Ohio-3084, ¶ 10.

{¶ 33} In view of the foregoing, there is no evidence of false statements in the affidavit offered in support of appellee's motion for summary judgment. Moreover, there is proof in the record that appellee complied with all conditions precedent. As a result, appellant has not established that he is entitled to relief under Civ.R. 60(B)(3). Having found appellant failed to satisfy the second prong of the *GTE* test, we need not address the remaining prongs of the test.

15.

**{¶ 34}** Since appellant's motion to vacate does not contain allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court did not abuse its discretion in denying appellant's motion without holding a hearing. Appellant's second assignment of error is not well-taken.

**{¶ 35}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.
_____
JUDGE

Thomas J. Osowik, J.

_____
JUDGE

Stephen A. Yarbrough, P.J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.