[Cite as *Reverse Mtge., L.L.C. v. Miller*, 2024-Ohio-2417.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

Reverse Mortgage Funding, LLC

    Appellee

v.

Donald W. Miller, et al.

    Appellant

Court of Appeals No.  E-23-044

Trial Court No.  2021-CV-0352

**<u>DECISION AND JUDGMENT</u>**

Decided:  June 25, 2024

* * * * *

Ashley E. Mueller, for Appellee

Daniel L. McGookey, for Appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which granted the complaint in foreclosure with reformation, declaratory judgment, and other equitable relief (in rem only) by plaintiff-appellee, Reverse Mortgage Funding, LLC, against defendant-appellant, Donald W. Miller, and codefendants, Rokya Miller, the United States of America, and the Erie County Treasurer. For the reasons set forth below, this court affirms the judgment of the trial court.

## I. Background

{¶ 2} The following facts are relevant to this appeal. On September 12, 2013, appellant obtained a $742,500 home equity conversion loan, also known as a reverse mortgage loan, from FirstBank and signed an adjustable-rate promissory note promising to repay the loan (hereafter, the "Note"). At the bottom of the last page of the Note is the following indorsement: "Pay to the Order of Live Well Financial, Inc. Without Recourse" signed by Dan Barksdale, the reverse mortgage/operations manager of FirstBank. Attached to the Note is a blank allonge identifying appellant's loan and indorsed with the words, "Pay To The Order Of," followed by a blank space and the words "Without Recourse," then signature stamped by Brian D. Weiler, with the title of "AVP of Live Well Financial." FirstBank and Live Well Financial, Inc. are not parties in this appeal.

{¶ 3} The Note was secured by an adjustable-rate home equity conversion mortgage, filed in the public record on September 24, 2013, in favor of nonparty Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee of FirstBank, on real property located at 104 Bay Shore Drive, Sandusky, Erie County, Ohio (hereafter, the "Mortgage"). On January 25, 2017, and corrected on November 22, 2019, an assignment of mortgage was filed in the public record from MERS, as nominee of FirstBank, to Live Well Financial, Inc. Then on December 9, 2019, an assignment of mortgage/deed of trust was filed by Live Well Financial, Inc. to appellee.

{¶ 4} Meanwhile, on June 10, 2019, Live Well Financial, Inc. filed for Chapter 7 bankruptcy protection in Delaware. On October 28, a bankruptcy court order approved

2.

the stipulation between the bankruptcy trustee and appellee that retroactively effective to November 19, 2018, appellee agreed to purchase the rights to service certain mortgages acquired by or originated by the debtor, Live Well Financial, Inc. In addition, the bankruptcy court order approved the stipulation that effective since November 8, 2018, the debtor gave appellee a power of attorney to execute and/or file mortgage assignments, transfers and related documents in relation to the debtor's loans, including appellant's loan.

{¶ 5} On September 14, 2021, appellee filed a complaint in foreclosure with reformation, declaratory judgment, and other equitable relief (in rem only) and alleged, among other matters, that as of September 8, appellant owed appellee $461,425 plus interest on the Note due to a breach of its terms since January 28, 2020. Exhibits attached to the complaint included the Note with the two indorsements, the loan agreement, the Mortgage, and the mortgage assignments.

{¶ 6} Appellant answered the complaint, as amended, generally denying the allegations,[1] raised several affirmative defenses, and counterclaimed for quiet title to declare the Mortgage null and void. Then appellee moved to dismiss the counterclaim, which appellant opposed. Before the trial court ruled on the pending motion to dismiss,

---

[1] The general denial that appellee had complied with all conditions precedent prior to foreclosing the mortgage is insufficient under Civ.R. 9(C) and is deemed admitted under Civ.R. 8(D). *Wells Fargo Bank, N.A. v. Mayo*, 2018-Ohio-1432, ¶ 10 (6th Dist.).

3.

appellant moved for summary judgment to dismiss appellee's complaint for lack of standing and for judgment on his counterclaim, which appellee opposed.

{¶ 7} On June 21, 2022, the trial court granted, with prejudice, appellee's motion to dismiss the counterclaim for quiet title. Appellant does not appeal this decision. Citing to *Bank of New York Mellon v. Floyd*, 2021-Ohio-3736 (8th Dist.) and *Buckner v. Bank of New York*, 2014-Ohio-568 (12th Dist.), the trial court determined that where appellant merely challenged appellee's possession of the Note and Mortgage to quiet title, the recorded Mortgage is not per-se void but raised appellant's defense to the foreclosure action.

{¶ 8} The trial court also denied appellant's motion for summary judgment because he raised genuine issues of material fact on his own. Appellant also does not appeal this decision. "The thrust of Defendant's Summary Judgment Motion is that Plaintiff cannot show it has standing (i.e., owns/holds the Note and Mortgage). Defendant has not argued that he is in default; that all conditions precedent have not been met or the amount due. . . Here, the issue is whether Plaintiff can show it holds/owns the Note and Mortgage." The trial court then determined that appellee's proof of standing can still be submitted at trial, quoting *Wells Fargo Bank, N.A. v. Horn*, 2015-Ohio-1484, ¶ 1 ("We hold that *Schwartzwald* does not require the plaintiff to prove standing at the time the foreclosure action is filed. Rather, although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint.").

4.

**{¶ 9}** The trial court also determined that appellant, is "a non-party [who] lacks standing to challenge the validity of an assignment of mortgage," citing *Bank of Am., N.A. v. Hizer*, 2013-Ohio-4621, ¶ 22 (6th Dist.); *Bank of New York Mellon v. Huth*, 2014-Ohio-4860, ¶ 25 (6th Dist.); and *Bank of New York Mellon v. Lewis*, 2014-Ohio-5599, ¶ 52 (6th Dist.). Appellant does not appeal this decision.

**{¶ 10}** Meanwhile, on May 27, 2022, appellee filed a cross-motion for summary judgment, which appellant opposed. Citing to *U.S. Bank, N.A. v. Coffey*, 2012-Ohio-721 (6th Dist.), appellee argued it produced summary-judgment evidence for the foreclosure action that: (1) it is the holder of the Note and Mortgage or is entitled to enforce the instrument; (2) although not the original mortgagee, it is the current mortgagee through a chain of assignments and transfers; (3) the loan/Mortgage is in default by appellant; (4) it met all conditions precedent to foreclose; and (5) the amount of principle and interest due and owing is $493,737.84 as of April 15, 2022, plus interest at the adjustable rate provided for in the Note. The trial court determined that appellant raised a genuine issue of material fact whether appellee's affiant ever saw the original Note when he averred the copy he saw was a true and accurate copy of the original Note, but at his deposition admitted never seeing the original, citing *HSBC Mtge. Servs., Inc. v. Edmon*, 2012-Ohio-4990, ¶ 16 (6th Dist.). The trial court then partially denied appellee's motion for summary judgment on September 1, because there were genuine issues of material fact on the first element with respect to producing the original Note and the portion of the fifth element for the applicable, adjustable interest rate stated in the Note.

5.

{¶ 11} Consequently, the trial court granted appellee summary judgment on the remaining elements, including the chain of Note/Mortgage assignments and transfers flowing to appellee, appellant's Loan default, and the amount due by appellant. As explained in the magistrate's October 6 decision on a pending motion in limine, "To clarify, lest there be any misimpressions, the scope of the Trial is very limited to whether Plaintiff holds the Note/is entitled to enforce the Note and the applicable rate of interest, since the Note provides same is adjustable. * * * All other elements to obtain Foreclosure were held to be established as a matter of law." The limited-scope-of-trial reminder is repeated throughout the record.

{¶ 12} At the bench trial held on October 6, 2022, the magistrate heard testimony from one witness, admitted six exhibits into evidence, and received post-trial briefing from the parties. In its November 22 decision, the magistrate determined, first, "The evidence here is overwhelming; not just a preponderance, that [appellee] owns/holds the Note through a custodial agent, and is entitled to Foreclose"; and, second, "The applicable interest rate is the 30 day LIBOR Index plus a margin of 2.625 and the payoff amount as of October 5, 2022 is $516,674.49." Appellant objected to the magistrate's decision, which appellee opposed, and on June 14, 2023, the trial court overruled appellant's objections and determined "the *Nov. 22nd Mag. Decision* is both factually and legally sound . . . [and] is hereby AFFIRMED and ADOPTED by this Court in its entirety . . . ." (Emphasis sic.)

6.

{¶ 13} Thereafter, on June 27, 2023, the trial court entered a judgment in foreclosure against appellant and in favor of appellee and other co-defendants to be paid from the proceeds of the sheriff sale of the premises. Appellant timely appealed and sets forth three assignments of error:

1.   The trial court erred in finding that the appellee laid the necessary foundation for admission of the document it purported to be the original promissory note.

2.   The trial court erred in allowing appellee trial exhibits 17 & 18 into evidence.

3.   The trial court erred in granting partial summary judgment in favor of appellee finding that it had proven an unbroken chain of assignments and transfers of the note from the originator to itself.

## II. Admission of Evidence

{¶ 14} We will address the first and second assignments of error together because they collectively challenge the trial court's admission of three exhibits regarding the Note into evidence at trial: exhibit Nos. 1, 17, and 18. "Decisions involving the admissibility of evidence are reviewed under an abuse-of-discretion standard of review." *Estate of Johnson v. Randall Smith, Inc.*, 2013-Ohio-1507, ¶ 22, citing *State v. Hancock*, 2006-Ohio-160, ¶ 122. "For an abuse of discretion to have occurred, the trial court must have taken action that is unreasonable, arbitrary, or unconscionable." *Id.*

7.

## A. Exhibit No. 1

{¶ 15} In support of his first assignment of error, appellant argues that appellee sought to admit into evidence a document purporting to be the original Note, exhibit No. 1, without first laying a proper foundation to do so. Appellant points to the trial transcript to argue that after five unsuccessful attempts to admit the Note as the original, "Appellee simply gave up * * * never coming back with additional evidence. Therefore, by virtue of the record rulings, Appellee completely failed to introduce evidentiary-quality material proving it has possession of the original at the time the Complaint was filed." Citing to *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 27, appellant argues that the trial court's decision to admit exhibit No. 1 "flies in the face of" *Schwartzwald* because appellee lacked standing to commence the foreclosure action.

{¶ 16} The trial court's June 27, 2023 judgment clearly refutes appellant's contention that summary judgment did not already determine as a matter of law appellee's standing under *Schwartzwald*. The trial was to determine if appellee could produce proof of such standing, i.e., that appellee possessed the original Note at trial.

> In the *Nov. 22nd Mag. Decision*, the Magistrate held that the scope of the Trial was limited. That limitation had been set by this Court in its September 1st, 2022 Judgment Entry regarding Plaintiff's Summary Judgment Motion. The *Nov. 22nd Mag. Decision* correctly stated that the issues for trial [were] whether Plaintiff held the Note at the time of trial,

was entitled to enforce it, and the applicable interest rate (since it was a variable rate).

The Magistrate was correct in his holding, in that this Court had previously found there was no genuine issue of material fact regarding chain of assignments/transfers; that Defendant was in default on the Loan and there was an amount due. This Court granted Summary Judgment on those issues via an Entry filed on or about September 1, 2022. In addition to the September 1, 2022 entry limiting the scope, the parties were again put on notice of this limited scope by the Magistrate (Tr. P. 7). (Emphasis sic.)

{¶ 17} Further, when appellee moved at trial to admit into evidence a copy of the original Note, marked as exhibit No. 1, appellant's counsel did not object to its admissibility. This is the exchange at trial between appellant and the magistrate: "Your Honor, I have no – just to be clear, Exhibit 1 is a copy, not the original note, but a copy of what they allege is the original note. I have no objection, with the understand that it's a copy of the note." The magistrate responded:

[T]he Court will recognize that [exhibit No.] 1 is a copy. That is what it purports to be. The testimony is that he compared it to the original note, which was produced here in Court, and the Court did observe it. It hasn't been marked and it hasn't been offered, the original note hasn't, but I think what counsel was trying to do was to have Mr. Kala look at that and say that what is 1 is a copy of what was the original, which was produced in

9.

Court, but not marked as an exhibit. You're . . . contesting whether or not it was the original note.

Appellant's counsel responded, "I'm contesting it, yes." The magistrate then announced, "Okay. Okay. Okay. . . [Exhibit No.] 1 . . . , without objection, will be admitted." Appellant's counsel did not object to that decision. Then, near the end of the trial when the magistrate reiterated that exhibit No. 1 would be admitted into evidence, appellant did not object.

{¶ 18} The failure to timely object to the admission of evidence waives all but plain error on appellate review. *Secy. of Veterans Affairs v. Leonhardt*, 2015-Ohio-931, ¶ 47 (3d Dist.) (in a foreclosure proceeding, no objections renewed at the time exhibits were proffered for admission waived all but plain error). "[I]n order for a court to find plain error in a civil case, an appellant must establish (1) a deviation from a legal rule, (2) that the error was obvious, and (3) that the error affected the basic fairness, integrity, or public reputation of the judicial process and therefore challenged the legitimacy of the underlying judicial process." *State v. Morgan*, 2017-Ohio-7565, ¶ 41, citing *Goldfuss v. Davidson*, 79 Ohio St.3d 116, 122-123 (1997). We find no plain error in this matter.

{¶ 19} Evid.R. 1002 requires the original document to prove the contents of it, except as otherwise provided by statute or evidentiary rule. *State v. Tibbetts*, 92 Ohio St.3d 146, 159-160 (2001). Mr. Kala testified he has personal knowledge of appellant's loan account based on the records maintained by his employer, Celink, the servicer and custodian of appellee's business records with respect to appellant's loan account. His job

10.

responsibilities as Foreclosure Litigation Manager are to manage and access Celink business records for all the loans it services, including appellant's loan with appellee. Celink has been the servicer of appellant's loan since origination. Celink stored a copy of the Note in its records in the regular course of business, and Celink's records contain information about where the original Note is located, also known as the custodian of the original Note. Celink's business records showed that appellee was in possession of the original Note through Deutsche Bank, appellee's designated custodian of the original Note since 2018, which is well before the filing of the complaint on September 14, 2021. Mr. Kala explained that, "Deutsche Bank holds the collateral file [for appellee], which includes the original note for this loan."

{¶ 20} Prior to trial, Mr. Kala personally compared the copy of the Note to the original Note, which was made available to him by Celink's attorney, and found them to be identical, except for some immaterial redactions on the copy of the Note and an immaterial pencil mark on the original Note. Appellee then offered the original Note for inspection at trial, and the magistrate and appellant's attorney each inspected the original Note. Later, the magistrate acknowledged the original Note "was produced here in Court, and the Court did observe it." Appellee did not seek to admit the original Note into evidence, only a copy of the Note marked as exhibit No. 1

{¶ 21} We find that per Mr. Kala's testimony, exhibit No. 1 meets the definition of a duplicate or copy of the Note. *State v. Phillips*, 2013-Ohio-4525, ¶ 13 (6th Dist.). "Evid.R. 1001(4) defines a duplicate as 'a counterpart produced by the same impression

11.

as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording . . . .'" *Id.*

{¶ 22} Evid.R. 1003 states, "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Here, appellant inspected the original Note at the trial and did not contest in the record the authenticity of it. Further, appellant never objected to the admission of exhibit No. 1 and did not allege any unfairness with admitting a duplicate in lieu of the original Note.

{¶ 23} "The party seeking to exclude a duplicate has the burden of demonstrating that the duplicate should be excluded. The decision to admit a duplicate is left to the trial court's sound discretion." (Citations omitted.). *Tibbetts*, 92 Ohio St.3d at 160. Contrary to appellant's argument, the copy of the Note is equally admissible as the original Note would be. "[A] photocopy is considered a duplicate and is given the same weight as the original." *Maumee v. Hill*, 1988 WL 128298, *1 (6th Dist. Dec. 2, 1988), citing Evid.R. 1001(4) and 1003. Where appellant neither contested the authenticity of the original Note, nor alleged any unfairness with admitting a duplicate in lieu of the original, we will not reverse on appeal the trial court's decision to admit a copy of the Note. *Id.; JPMorgan Chase Bank, N.A. v. Swan*, 2015-Ohio-1056, ¶ 15 (6th Dist.); *Krohn v. Parkins*, 2009-Ohio-1536, ¶ 26 (6th Dist.).

{¶ 24} Appellant then argues appellee failed to lay a proper foundation with Mr. Kala, an employee of Celink, for the admission of exhibit No. 1. However, a loan

12.

servicing agent and records custodian with personal knowledge may properly authenticate copies of business records kept in the regular course of business operations. *HSBC Bank USA, N.A. for Citigroup Mtge. Loan, Tr. Inc., Asset Backed Pass Through Certificates Series 2003-HE4 v. Webb*, 2017-Ohio-9285, ¶ 10 (10th Dist.), citing *Fannie Mae v. Bilyk*, 2015-Ohio-5544, ¶ 8-17 (10th Dist.). Mr. Kala, as Celink's Foreclosure Litigation Manager, need not have firsthand knowledge of the underlying transaction to lay the foundation for the copy of the Note as a business record of Celink, appellee's loan servicer. *Buckeye Terminals, L.L.C. v. Franklin Cnty. Bd. of Revision*, 2017-Ohio-7664, ¶ 30, citing *State Farm Mut. Auto. Ins. Co. v. Anders*, 2012-Ohio-824, ¶ 15-16 (10th Dist.).

{¶ 25} Upon review we find no abuse of discretion, and no plain error, by the trial court when it admitted a duplicate copy of the original Note marked as exhibit No. 1.

{¶ 26} Appellant's first assignment of error is not well-taken.

### B. Exhibit Nos. 17 and 18

{¶ 27} Mr. Kala testified that Celink's business records, exhibit Nos. 17 and 18, contained content received from appellee via NetSuite and showed that appellee used Deutsche Bank as appellee's custodian of the original Note since 2018. The trial court determined in its June 14, 2023 decision that, "Any claim of hearsay is overcome by the application of the Adoptive Business Rule exception. . . Deutsche Bank only had possession of the Original Note as a custodian for Plaintiff. Plaintiff legally had possession of the original Note."

13.

{¶ 28} In support of his second assignment of error, appellant argues that exhibit Nos. 17 and 18 are the only record evidence of appellee's possession of the original Note at the time of filing the complaint, and the trial court erred when admitting them as adoptive business records hearsay exceptions under the authority of *Deutsche Bank Natl. Tr. Co. v. Boreman*, 2020-Ohio-3545 (6th Dist.). Appellant argues the exhibits were not adoptive business records because Mr. Kala was only an employee of the loan servicer of appellee, which was not the custodian of the original Note at the time of the complaint because the custodian was a third party, Deutsche Bank. Appellant argues appellee's case is fatally flawed because no employee of appellee testified at trial regarding possession of the original Note at the time of the complaint.

{¶ 29} Evid.R. 801(C) defines "hearsay" as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement." Under the hearsay rule, Evid.R. 802, "Hearsay is not admissible except as otherwise provided by the Constitution of the United States, by the Constitution of the State of Ohio, by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio, by these rules, or by other rules prescribed by the Supreme Court of Ohio."

{¶ 30} However, exceptions to inadmissible hearsay include records of regularly conducted activity, which appellant refers to as the "adoptive records hearsay exception" and appellee refers to as the "business records exception." Evid.R. 803(6) states,

The following are not excluded by the hearsay rule, even though the declarant is available as a witness: . . .

(6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness or as provided by [Evid.R. 901(B)(10)], unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

{¶ 31} Contrary to appellant's argument, the trial court did not rely on *Boreman* for the so-called "adoptive records hearsay exception" under Evid.R. 803(6). Rather, the trial court relied on *HSBC Bank, USA N.A. for Wells Fargo Asset Securities Corp. v. Szasz*, 2017-Ohio-5544, ¶ 31 (5th Dist.), citing *U.S. Bank N.A. v. Gray*, 2013-Ohio-3340, ¶ 25 (10th Dist.). These cases hold that constructive possession of the Note (a negotiable instrument) by appellee (the owner) exists when an agent of the owner (in this case, Deutsche Bank) holds the Note on behalf of the owner. Consequently, appellee was the

15.

holder of the original Note and was entitled to enforce the original Note when the original Note was in the physical possession of its agent as of the date the complaint in foreclosure was filed in 2021. This court agrees. *U.S. Bank, N.A. v. Zokle*, 2014-Ohio-636, ¶ 24 (6th Dist.), citing *Gray* at ¶ 25-30.

{¶ 32} Mr. Kala's testimony established that Celink's business records were kept in the ordinary course, which included a copy of the original Note and the custodial history of the original Note, both supplied by appellee via NetSuite. Those records are not hearsay under Evid.R. 803(6). The business record exception to hearsay "'is based on the assumption that the records, made in the regular course of business by those who have a competent knowledge of the facts recorded and a self-interest to be served through the accuracy of the entries made and kept with knowledge that they will be relied upon in a systematic conduct of such business, are accurate and trustworthy.'" *LaBounty v. Big 3 Automotive*, 2019-Ohio-1919, ¶ 52 (6th Dist.), quoting *Weis v. Weis*, 147 Ohio St. 416, 425-426 (1947). Mr. Kala demonstrated that he possessed a working knowledge of the specific record-keeping system that produced exhibit Nos. 17 and 18. *Id.*, citing *State v. Davis*, 62 Ohio St.3d 326, 342 (1991). "Evid.R. 803(6) does not require a witness to have personal knowledge of the exact circumstances of the production of the document or firsthand knowledge of the transaction giving rise to the record." *Buckeye Terminals, L.L.C. v. Franklin Cty. Bd. of Revision*, 2017-Ohio-7664, ¶ 30, citing *State Farm Mut. Auto. Ins. Co. v. Anders*, 2012-Ohio-824, ¶ 15-16 (10th Dist.).

16.

{¶ 33} Nevertheless, even when a document constitutes a business record, a court may still exclude it if "'the source of information or the method or circumstances of preparation indicate lack of trustworthiness.'" *Id.* at ¶ 31, quoting Evid.R. 803(6). However, there is no evidence in the record that appellant challenged the trustworthiness of exhibit Nos. 17 and 18. Appellant only challenged Mr. Kala's personal knowledge of them. Even if appellant had challenged their trustworthiness, that challenge goes to the weight of the evidence, not to their admissibility as business records. *Id.*

{¶ 34} We also agree with the trial court's further determination on June 14, 2023, citing R.C. 1303.25(B) and *U.S. Bank, N.A. v. Adams*, 2012-Ohio-6253 (6th Dist.):

> that the Original Note was presented in open court to the Magistrate. The Magistrate compared the Original Note to the copy (Plaintiff's Exhibit #1), and found it to be not only a copy of the original Note, but also that the Original Note was 'Bearer paper' by virtue it was endorsed[2] in blank. Thereby giving Plaintiff – whom possessed it – the right to enforce it. The law in Ohio on the issue of Bearer paper and enforcement rights is also clear.

{¶ 35} "'When an instrument is indorsed in blank, the instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed.' Because the note is payable to bearer, negotiation of the note is accomplished by transfer

---

[2] We note that "endorsement" is used interchangeably in the record with "indorsement," which is defined by R.C. 1303.24(A)(1).

17.

of possession alone." *Coffey*, 2012-Ohio-721, at ¶ 35, quoting R.C. 1303.25(B); *U.S. Bank, N.A. v. Mitchell*, 2012-Ohio-3732, ¶ 6, fn. 2 (6th Dist.). Here, the holder, appellee, is entitled to enforce the instrument, where an undated, blank allonge is a valid slip of paper attached to, and becomes a part of, the negotiable instrument when the original paper is full. *U.S. Bank N.A. as Tr. of Holders of J.P. Morgan Mtge. Acquisition Tr. 2006-CH2 v. Hill*, 2018-Ohio-4532, ¶ 24 (6th Dist.), citing R.C. 1303.25(B), 1303.201(B)(21)(a), and 1303.31(A)(1); *Mitchell* at ¶ 15.

{¶ 36} Upon review we find no abuse of discretion by the trial court when it admitted business-records-hearsay-excepted documents marked as exhibit Nos. 17 and 18.

{¶ 37} Appellant's second assignment of error is not well-taken.

### III. Standing to Challenge Assignments

{¶ 38} In support of his third assignment of error, appellant argues the trial court erred in granting partial summary judgment on September 1, 2022, that appellee had proven an unbroken chain of assignments and transfers of the Note from the originator, FirstBank, through Live Well Financial, Inc., to appellee. Appellant argues that appellee lacks standing to sue under *Schwartzwald*, and the trial court's June 27, 2023 judgment in foreclosure in favor of appellee is null and void. Appellant does not dispute that he executed the original Note in favor of FirstBank, which indorsed it to Live Well Financial, Inc., who, in turn, attached a blank allonge to it. However, appellant disputes whether Live Well Financial, Inc. actually employed Mr. Weiler at the time of the

18.

undated, blank allonge and insists that dispute renders the Note defective and unenforceable if Mr. Weiler did not represent the holder of the Note.

{¶ 39} We find the trial court's September 1, 2022 decision specifically rejected appellant's challenge to Mr. Weiler's signature to the allonge -- and his employment status between Live Well Financial, Inc. and appellee -- as speculation, and we agree. Mr. Kala testified at trial that according to Celink's records, since well before appellee filed the complaint against appellant, appellee used Deutsche Bank as the custodian of the original Note. Thus, at all relevant times since the filing of the complaint, appellee was the holder of the original Note through its custodial agent.

{¶ 40} Nevertheless, appellant's third assignment of error raises with this court the issue of his standing to challenge on appeal the chain of assignments and transfers of the original Note. Appellant does not dispute he executed the original Note in 2013. Nor is there evidence in the record that appellant, as the original borrower, is a party to or third-party beneficiary of any subsequent assignment agreement of the Note. We agree with the trial court's June 14, 2023 decision that "Defendant lacks 'standing' to challenge the prior transfers/assignments of the Note due to him not being a party to those transactions," citing *Beneficial Financial I Inc. v. Saunders*, 2019-Ohio-3577, ¶ 28 (4th Dist.).

{¶ 41} This court has repeatedly held that where a borrower or mortgagor is not a party to, or third-party beneficiary of, the assignment of the promissory note or mortgage, he or she lacks standing to challenge the validity of the assignment between the assignor

19.

and assignee. *Bank of Am., N.A. v. Duran*, 2015-Ohio-630, ¶ 43 (6th Dist.), citing *Huth,* 2014-Ohio-4860, at ¶ 25; *U.S. Bank, N.A. v. Perdeau*, 2014-Ohio-5818, ¶ 26 (6th Dist.), quoting *Huth* at ¶ 25; *Hizer*, 2013-Ohio-4621, at ¶ 22; *Lewis*, 2014-Ohio-5599, at ¶ 52. Consequently, we need not address appellant's argument that the Note was improperly assigned to appellee due to appellant's lack of standing. *Duran* at ¶ 43; *Perdeau* at ¶ 27.

**{¶ 42}** Appellant's third assignment of error is not well-taken.

### IV.  Conclusion

**{¶ 43}** On consideration whereof, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                _____
                                                                  JUDGE
Christine E. Mayle, J.

Charles E. Sulek, P.J.                           _____
CONCUR.                                                        JUDGE

                                                                 _____
                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.