[Cite as *DiSalle v. Celusta*, 2025-Ohio-401.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Joseph DiSalle

    Appellee

v.

Joseph P. Celusta

    Appellant

Court of Appeals No.  L-24-1069

Trial Court No.  CVG023019731

**<u>DECISION AND JUDGMENT</u>**

Decided:  February 7, 2025

* * * * *

Susan Hartman Muska, for appellee.

James S. Nowak, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal of a February 21, 2024 judgment of the Toledo Municipal Court, Housing Division, finding that appellant wrongfully withheld appellee's residential lease agreement security deposit, and awarding appellee R.C. 5321.16(C) damages of $2,100 (an amount double the $1,050 security deposit), plus attorney's fees of $8,834.94.

{¶ 2} This case stems from a 2022 residential lease agreement executed between landlord, Joseph P. Celusta ("appellant"), and former tenant, Joseph DiSalle ("appellee"). For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant sets forth the following three assignments of error:

"1: The trial court erred by finding that Celusta wrongfully withheld DiSalle's security deposit and ordering him to pay double damages and attorney's fees pursuant to R.C. 5321.16.

"2: The trial court erred by refusing to allow Celusta's photographs into evidence.

"3: There was no need for the trial court to attempt to create a final, appealable order by issuing a nunc pro tunc []."

{¶ 4} The following undisputed facts are relevant to this appeal. On March 31, 2022, appellee executed a one-year residential lease agreement with appellant to rent an apartment in a duplex owned by appellant, located on River Road in Toledo. The lease terms included a rental amount of $1,050 per month, as well as a $1,050 security deposit.

{¶ 5} On March 31, 2023, at the conclusion of the lease term, appellee vacated the apartment. Upon vacating the apartment, appellee photographed each room, as well as took notes, in order to document the condition in which he left the premises. Appellee's photographs, introduced into evidence at trial, unambiguously reflect an orderly, empty, clean unit, with no discernible issues or damages. Conversely, the record reflects that

appellant did not do a final walk-through of the apartment upon retaking possession or take photographs of the apartment upon appellee's move-out.

{¶ 6} On April 29, 2023, appellant sent appellee an email generically listing items such as "clean and disinfect", "nail holes", and "refrigerator", and assigning monetary amounts to each item, but made no reference to either lease terms or statutory duties purportedly violated by appellee in relation to any of the items, attached no evidence of alleged property damage or violative property conditions, either via photographs or documentation, but nonetheless claimed damages against appellee totaling $2,065.

{¶ 7} On August 7, 2023, appellee filed a complaint in the Toledo Municipal Court, Housing Division, against appellant, asserting that appellant wrongfully withheld appellee's security deposit, in violation of R.C. 5321.16. On September 22, 2023, appellant filed a pro se answer and counterclaim, attaching only the above-discussed April 29, 2023 email, again unaccompanied by allegations of violations of statutory duties or lease terms by appellee, and unaccompanied by evidence purportedly reflective of alleged property damage or violative property conditions.

{¶ 8} On February 15, 2024, the case proceeded to trial, with appellant acting on a pro se basis, and appellee represented by counsel. The trial transcripts shows that appellee provided detailed testimony regarding the condition of the unit when he first took possession of it, as well as the condition of the unit when he vacated possession of it, demonstrative that the apartment was in equivalent, or better, condition at the conclusion of the lease term as it was at the commencement of the lease term. This

testimony was collaborated and bolstered by the photographic evidence taken by appellant at the end of the lease term. Proper foundation was laid by appellee, and the photographs were entered into evidence.

{¶ 9} Appellee then testified that appellant did not do a final walk-through of the apartment upon appellee's move-out. Appellee stated that he was unaware of any claimed issues by appellant regarding the condition of the apartment until receipt of the above-referenced email from appellant the following month. Appellee denied damaging the apartment, or leaving property conditions in any way subjecting him to liability.

{¶ 10} Appellee next testified in detail regarding his considerable, professional real estate experience, consisting of more than a quarter-century serving as a licensed Ohio real estate broker, and his direct participation in numerous real estate transactions, representing parties in both residential real estate purchases and residential real estate leases. The trial court then qualified appellee to furnish his professional, as well as personal, opinion as to the condition of the apartment when it was vacated.

{¶ 11} Appellee unequivocally testified that the unit was in equivalent, or better, condition on March 31, 2023, as it was at the commencement of the lease on March 31, 2022. Counsel inquired, "[I]n your professional opinion * * * Would you say that the condition of the unit on March 31, 2023, was the same [as compared to] March 31, 2022?" Appellee replied, "I would say that it [was] equal or better condition." Appellee further testified that no conditions were present in the apartment that precluded it from

being shown to prospective tenants, leased to a new tenant, or the building being shown to potential buyers.

{¶ 12} The case next turned to appellant. Appellant presented several photographs on his mobile phone of the apartment, but refused to testify that the photographs reflected the condition of the unit on the relevant date of March 31, 2023. In conjunction, appellant refused to give temporary possession of the mobile to the trial court so that the trial court itself could attempt to ascertain the date, time, place, and circumstances of the photographs for admissibility purposes. When confronted with appellee's properly admitted photographic evidence reflecting no discernible damages or violative property conditions, appellant inexplicably claimed that, upon further consideration, he had underestimated the claimed damages, suggesting higher damages than had been claimed.

{¶ 13} In closing, counsel for appellee noted that R.C. 5321.16 mandates that a landlord identify, and describe with sufficient clarity, items of claimed damages and property conditions constituting something beyond ordinary wear and tear, in order to arguably warrant retaining a security deposit. Counsel for appellee submitted that it had been shown that appellant had failed to do so, and accordingly, appellee's security deposit was wrongfully withheld.

{¶ 14} On February 21, 2024, the trial court found in favor of appellee, holding that appellant failed to provide appellee "timely notice of charges against the security deposit", and further failed to "provide sufficient foundation to allow [his] photographic evidence to be submitted." As expressly authorized by R.C. 5321.16(C), the trial court

awarded appellee $2,100, an amount double the $1,050 security deposit, plus attorney's fees, determined to be in the amount of $8,834.94.

{¶ 15} On April 26, 2024, the trial court issued a clarification judgment entry, to ensure that the matter was final and appealable, setting forth in relevant part, "This matter came before this court in a civil trial on February 15, 2024, and resulted in three judgment entries, dated March 28, 2024; March 6, 2024; and February 21, 2024 * * * Ohio jurisprudence holds that the court is well within its discretion to issue a nunc pro tunc order * * * so that it now comes in compliance with Civ.R. 54(B)." This appeal ensued.

{¶ 16} In the first assignment of error, appellant argues that the trial court erred in determining that appellee's security deposit was wrongfully withheld. We do not concur.

{¶ 17} R.C. 5321.16(B) establishes that,

Upon termination of the rental agreement any property or money held by the landlord as a security deposit may be applied to the payment of past due rent and to the payment of the amount of damages that the landlord has suffered *by reason of the tenants noncompliance with section R.C. 5321.05 of the revised code or the rental agreement. Any deduction from the security deposit shall be* itemized and *identified by the landlord in a written notice delivered to the tenant*. (Emphasis added).

{¶ 18} Stated differently, in order to have arguably been warranted in retention of the security deposit, appellant was statutorily mandated to have provided appellee with notice not only itemizing, but also identifying and articulating the exact damages claimed to have been suffered due to appellee's noncompliance with either the tenant's R.C. 5321.05 statutory duties or with the terms of the rental agreement itself. On the contrary, the record shows that appellant simply emailed appellee an itemized list of generic terms,

and assigned monetary amounts to each term, but provided no identification of what the precise claimed damages or property conditions were, no identification of any alleged statutory duty or lease term breaches, and no accompanying evidentiary basis whatsoever of the claimed monetary amounts. Thus, the record reflects that appellant failed to comply with R.C. 5321.16(B) when retaining appellee's security deposit.

{¶ 19} Likewise, at trial, appellant failed to furnish admissible evidence of any kind, purportedly showing any damages or conditions of the apartment upon the end of appellee's lease term in violation of R.C. 5321.05 statutory duties, or in violation of specified lease terms. By contrast, appellant properly furnished photographs of each room of the unit upon vacating the unit, properly admitted into evidence, further collaborated and bolstered by appellee's testimony and documentation, reflecting the unit to have been returned in an orderly, clean, and undamaged state.

{¶ 20} Accordingly, we find that the record shows that appellee's security deposit was wrongfully withheld, in violation of R.C. 5321.16(B). Wherefore, appellant's first assignment of error is found not well-taken.

{¶ 21} In appellant's second assignment of error, appellant asserts that the trial court erred in declining to admit into evidence the photographs from appellant's mobile phone, which appellant both refused to testify reflected the condition of the apartment on March 31, 2023, and further refused to grant temporary possession of the subject mobile phone to the trial court so that it could attempt to ascertain the date, time, place, and circumstances of the photographs for admissibility purposes.

{¶ 22} It is well-established that trial court determinations on the admission or exclusion of evidence are reviewed on appeal on an abuse of discretion basis. As this court recently held in *Reverse Mtg. Funding, LLC v. Miller*, 2024-Ohio-2417, ¶ 14 (6th Dist.), "Decisions involving the admissibility of evidence are reviewed under an abuse of discretion standard of review. *Estate of Johnson v. Randall Smith, Inc.*, 2013-Ohio-1507, ¶ 22, citing *State v. Hancock*, 2006-Ohio-160, ¶ 122. For an abuse of discretion to have occurred, the trial court must have taken action that is unreasonable, arbitrary, or unconscionable. *Id.*"

{¶ 23} As set forth in detail above, the record clearly reflects that appellant wholly failed and refused to lay the requisite foundation in order to have potentially had the mobile phone photographs admitted into evidence. The record shows that appellant has failed to demonstrate that the trial court was unreasonable, arbitrary, or unconscionable in not admitting the photographs into evidence. Wherefore, we find appellant's second assignment of error not well-taken.

{¶ 24} In appellant's third assignment of error, appellant incongruously sets forth, "[T]he trial court's attempt to render its prior judgment entry [final and appealable] via a nunc pro tunc order was erroneous as a matter of law. However * * * while the trial court error should be acknowledged * * * in the interest of judicial economy, appellant asks this court to [find that] * * * the judgment issued on March 2[8], 2024, disposed of all of the outstanding claims, resulting in a judgment that is now properly before this court on appeal."

{¶ 25} While the precise intent of the third assignment of error is unclear, our view aligns with that stated by the trial court in its April 26, 2024 determination that, "The court is well within its discretion to issue a nunc pro tunc order * * * so that it now comes in compliance with Civ.R.54(B)." As such, we find that this matter is properly before this court for determination. We find appellant's third assignment of error not well-taken.

{¶ 26} On consideration whereof, the judgment of the Toledo Municipal Court, Housing Division, is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                    _____
                                                        JUDGE
Myron C. Duhart, J.

Charles E. Sulek, P.J.                 _____
CONCUR.                                           JUDGE

                                                _____
                                                        JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.